[No. 17046-9-II.    Division Two.    May 23, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. ROGER HEISKELL, *Appellant*.

---

944

*Pattie Mhoon,* for appellant (appointed counsel for appeal).

*John W. Ladenburg, Prosecuting Attorney, Barbara Corey-Boulet, Deputy,* and *A. Annette Long, Legal Intern,* for respondent.

BRIDGEWATER, J. — Roger Heiskell appeals a juvenile court order requiring him to register as a sex offender under RCW 9A.44.130. He contends that (1) registration is punitive and inconsistent with the intent of the sex offender statutes; (2)

the juvenile court had discretion to waive registration; (3) the State failed to comply with the notice requirements of RCW 10.01.200; (4) the registration statute is unconstitutionally vague and violates the equal protection clause; and (5) as applied to him, registration violates his constitutional right to liberty, travel and privacy, and inflicts punishment greatly disproportionate to the offense committed. We reverse.

Heiskell, who was under 15 years of age when he committed the offense, was charged by information with three counts of first degree child molestation. The prosecutor later filed an amended information charging Heiskell with one count of first degree child molestation, to which he pleaded guilty. Defense counsel moved to waive sex offender registration on the basis of RCW 9A.44.140(2). The trial judge denied Heiskell's motion, stating:

> The only other thing that needs to be dealt with is the issue of registration, and counsel has noted my position on that. I don't believe, regardless of the fact that this may be the perfect case for not requiring it, that I am allowed to make that decision under the law. I think under the law it is a mandatory requirement and I cannot waive it. Accordingly, I am ordering the registration as directed by the statute.

The trial court entered a sexual offender disposition order, placing Heiskell under community supervision pursuant to the special sex offender disposition alternative (SSODA), RCW 13.40.160(5). The disposition order contained notice of the registration requirement, and Heiskell was given separate written notice of the registration requirement at the time the disposition order was entered. Nevertheless, he refused to register, and he now appeals the juvenile court's order requiring him to do so.

## I

We have carefully considered Heiskell's contentions that (1) registration is punitive and inconsistent with the intent of the sex offender statutes; (2) the State failed to comply with the notice requirements of RCW 10.01.200; and (3) registration violates his constitutional right to liberty, travel and privacy, and inflicts punishment greatly disproportion-

ate to the offense. In light of *State v. Ward*, 123 Wn.2d 488, 869 P.2d 1062 (1994), these issues are without merit and warrant no further discussion. Further, in light of our holding herein concerning the construction of the relevant statutes, an equal protection analysis is unnecessary.

## II

Juveniles that commit sex offenses have a duty to register as sex offenders pursuant to RCW 9A.44.130. *State v. Acheson*, 75 Wn. App. 151, 877 P.2d 217 (1994). Heiskell argues, however, that the trial court had discretion to relieve him of his duty, pursuant to RCW 9A.44.140. We agree.

Pertinent sections of RCW 9A.44.140 provide:

(2) Any person having a duty to register under RCW 9A.44.130 may petition the superior court to be relieved of that duty. . . . Except as provided in subsection (3) of this section, the court may relieve the petitioner of the duty to register only if the petitioner shows, with clear and convincing evidence, that future registration of the petitioner will not serve the purposes of RCW 9A.44.130, 10.01.200, 43.43.540, 46.20.187, 70.48.470, and 72.09.330.

(3) An offender having a duty to register under RCW 9A.44.130 for a sex offense committed when the offender was a juvenile may petition the superior court to be relieved of that duty. The court shall consider the nature of the registrable offense committed, and the criminal and relevant noncriminal behavior of the petitioner both before and after adjudication, and may consider other factors. The court may relieve the petitioner of the duty to register for a sex offense that was committed while the petitioner was fifteen years of age or older only if the petitioner shows, with clear and convincing evidence, that future registration of the petitioner will not serve the purposes of RCW 9A.44.130 . . . .. The court may relieve the petitioner of the duty to register for a sex offense that was committed while the petitioner was under the age of fifteen if the petitioner (a) has not been adjudicated of any additional sex offenses during the twenty-four months following the adjudication for the sex offense giving rise to the duty to register, and (b) the petitioner proves by a preponderance of the evidence that future registration of the petitioner will not serve the purposes of RCW 9A.44.130 . . . ..

This statute is ambiguous. *Kadoranian v. Bellingham Police Dep't*, 119 Wn.2d 178, 185, 829 P.2d 1061 (1992) (statute ambiguous if subject to more than one reasonable inter-

pretation). On the one hand, it might mean that a juvenile can be relieved of his duty to register *either* (a) within 2 years, using a clear and convincing standard, *or* (b) after 2 years, using a preponderance standard. On the other hand, it might mean that a juvenile cannot be relieved of his duty to register before 2 years have expired, although he can be relieved after 2 years, using a preponderance standard.

Ambiguous statutes should be interpreted in a reasonable manner, and courts should strive to seek out the intent of the legislative body. *State Human Rights Comm'n ex rel. Spangenberg v. Cheney Sch. Dist. 30*, 97 Wn.2d 118, 121, 641 P.2d 163 (1982). When a statute is susceptible to differing interpretations, the construction that best advances the overall intent of the legislature will be adopted. *Hart v. Peoples Nat'l Bank*, 91 Wn.2d 197, 203, 588 P.2d 204 (1978). Other familiar rules of statutory construction indicate that unlikely, absurd or strained results are to be avoided, and that where a statute is susceptible of more than one interpretation, one of which may render it unconstitutional, the court will adopt a construction which sustains the statute's constitutionality. *State ex rel. Faulk v. CSG Job Ctr.*, 117 Wn.2d 493, 500, 816 P.2d 725 (1991).

In this case, it appears that the Legislature enacted subsection (3) to make it easier for young offenders to be relieved of the duty to register. Originally, RCW 9A.44.140 treated juveniles and adults alike. Laws of 1990, ch. 3, § 408. Subsection (3) was added as an amendment in 1991. Laws of 1991, ch. 274, § 3. The only legislative history concerning this section consists of comments by members of the House Judiciary Committee. H.R. Judiciary Comm., Tape H-52-JUD-20b (Feb. 27, 1991). Representative James Hargrove, who drafted subsection (3), explained that its purpose was to make it easier for juveniles to prove that registration is no longer required. Construing RCW 9A.44.140(3) to prohibit juveniles who commit sex offenses when under age 15 from petitioning for discharge for 2 years, while permitting all other juveniles and adults to petition for discharge immediately is inconsistent with the Legislature's intent of mak-

ing it easier for young offenders to be relieved of the duty to register.[1] An absurd, unlikely result would obtain in that it would be more difficult under the State's interpretation for young offenders to be relieved from the duty to register. Additionally, treating juveniles under age 15 differently from other juveniles and adults may raise equal protection concerns; our construction plainly sustains the constitutionality of the statute. Consequently, we hold that a juvenile who commits a sex offense while under age 15 has two remedies. The juvenile may petition for discharge from the registration requirement in the same manner and subject to the same burden of proof as a juvenile who commits a sex offense while age 15 or over, or the juvenile may utilize the less strict burden of proof after waiting 2 years. The juvenile court erred when it determined that it did not have discretion to relieve Heiskell of the duty to register.

We reverse and remand for the juvenile court to exercise its discretion in determining whether Heiskell is required to register as a sex offender.

MORGAN, J., and UTTER, J. Pro Tem., concur.

Review granted at 128 Wn.2d 1001 (1995).

---

[1]Additionally we note that imposing a mandatory 2-year registration requirement on juveniles who commit sex offenses while under age 15 is not related to SSODA, since age is not a criterion for granting a SSODA disposition order. RCW 13.40.160(5).