916 P.2d 366 (1996)
129 Wash.2d 113
The STATE of Washington, Respondent,
v.
Roger HEISKELL, Petitioner.
No. 63156-5.
Supreme Court of Washington, En Banc.
Argued March 5, 1996.
Decided May 9, 1996.
*367 John Ladenburg, Pierce County Prosecutor, Barbara Corey-Boulet and Kathleen Proctor, Deputy County Prosecutors, Tacoma, for petitioner.
Pattie Mhoon, Tacoma, for respondent.
TALMADGE, Justice.
The 1991 Legislature enacted what is now RCW 9A.44.140(4),[1] which permits juveniles convicted of sex offenses to seek waiver of the requirement to register with local law enforcement authorities. Roger Heiskell was convicted of a sex offense in 1992 when he was 14 years old. Heiskell contends he should have been able to seek a waiver of the registration requirement immediately upon his conviction or, if he could not do so, the statute violates his right to equal protection of the laws. We hold Heiskell was not entitled immediately to seek a waiver of registration requirements, reverse the Court of Appeals, and reinstate the trial court's denial of a waiver.

ISSUES
1. Under RCW 9A.44.140(4), can Heiskell, who was under the age of 15 when he was convicted, obtain a waiver of registration as a sex offender without waiting two years?
2. Does RCW 9A.44.140(4) violate Heiskell's right to equal protection of law?

FACTS
Roger Heiskell was 14 years old in 1992 when he took intimate liberties with his nine-year-old sister. He pleaded guilty on February 19, 1993, to one count of child molestation, a class A felony. In his guilty plea, he admitted to touching his sister "on her buttocks under her clothes" over a three-month period. Clerk's Papers at 9.
As Heiskell was a convicted sex offender, the law required him to register with his county sheriff: "Any adult or juvenile residing in this state who has been found to have committed or has been convicted of any sex offense ... shall register with the county sheriff for the county of the person's residence." RCW 9A.44.130(1).[2] The registration requirement for those convicted of a class A felony never terminates unless the offender petitions for and obtains an order of relief from superior court. RCW 9A.44.140(1)(a) and (3). RCW 9A.44.140(4) allows a juvenile to petition for the waiver of the sex offender registration requirement.
At the disposition hearing on March 11, 1993, Heiskell asked the trial court for a waiver or deferral of the registration requirement. No legal arguments by Heiskell appear in the record, either in the verbatim report of proceedings or in the clerk's papers. The State opposed the petition, arguing Heiskell "falls under the age where it is clear that there has to be a two year lapse before they can even petition the court." Report of Proceedings II at 5. The trial court agreed and refused to grant the waiver.
Heiskell appealed the trial court's refusal to consider his waiver request. The Court of Appeals found RCW 9A.44.140(4) to be ambiguous, reversed the trial court, and remanded the case to the trial court to exercise its discretion in determining whether Heiskell is required to register as a sex offender. State v. Heiskell, 77 Wash.App. 943, 895 P.2d 848, review granted, 128 Wash.2d 1001, 907 *368 P.2d 297 (1995). The State then petitioned for review, which we granted.

ANALYSIS
1. REGISTRATION OF SEX OFFENDERS AND WAIVER OF REGISTRATION
The 1990 Legislature enacted the Community Protection Act to address concerns about sex offenders. One of the provisions of that legislation was the registration of convicted sex offenders with local law enforcement authorities. The Legislature articulated the purpose of registration as follows:
The legislature finds that sex offenders often pose a high risk of reoffense, and that law enforcement's efforts to protect their communities, conduct investigations, and quickly apprehend offenders who commit sex offenses, are impaired by the lack of information available to law enforcement agencies about convicted sex offenders who live within the law enforcement agency's jurisdiction. Therefore, this state's policy is to assist local law enforcement agencies' efforts to protect their communities by regulating sex offenders by requiring sex offenders to register with local law enforcement agencies as provided in section 402 of this act.
Laws of 1990, ch. 3, § 401. Thus, the legislative purpose behind sex offender registration is to assist law enforcement agencies' protection efforts. In State v. Ward, 123 Wash.2d 488, 869 P.2d 1062 (1994), we upheld the registration statute against constitutional challenges on grounds it was an ex post facto enactment, and violated rights to due process and equal protection.
The 1990 Legislature also provided in RCW 9A.44.130(2) for waiver of the registration mandate:
Any person having a duty to register under RCW 9A.44.130 may petition the superior court to be relieved of that duty.... Except as provided in subsection (3) of this section, the court may relieve the petitioner of the duty to register only if the petitioner shows, with clear and convincing evidence, that future registration of the petitioner will not serve the purposes of RCW 9A.44.130....
In 1991, the Legislature enacted what is now RCW 9A.44.140(4) concerning the waiver of registration by juveniles:
An offender having a duty to register under RCW 9A.44.130 for a sex offense committed when the offender was a juvenile may petition the superior court to be relieved of that duty. The court shall consider the nature of the registrable offense committed, and the criminal and relevant noncriminal behavior of the petitioner both before and after adjudication, and may consider other factors. The court may relieve the petitioner of the duty to register for a sex offense that was committed while the petitioner was fifteen years of age or older only if the petitioner shows, with clear and convincing evidence, that future registration of the petitioner will not serve the purposes of RCW 9A.44.130, 10.01.200, 43.43.540, 46.20.187, 70.48.470, and 72.09.330. The court may relieve the petitioner of the duty to register for a sex offense that was committed while the petitioner was under the age of fifteen if the petitioner (a) has not been adjudicated of any additional sex offenses during the twenty-four months following the adjudication for the sex offense giving rise to the duty to register, and (b) the petitioner proves by a preponderance of the evidence that future registration of the petitioner will not serve the purposes of RCW 9A.44.130, 10.01.200, 43.43.540, 46.20.187, 70.48.470, and 72.09.330.
(Emphasis added.) Subparagraph (4) differentiates between juveniles 15 and older, and juveniles younger than 15. In the former case, the older juvenile must prove by clear and convincing evidence that future registration will not serve the purposes of RCW 9A.44.130; in the latter case, the younger juvenile need prove only by a preponderance of the evidence that future registration will not serve the purposes of the statute, but must wait two years and not reoffend during that time before petitioning for relief.
The legislative history on the enactment of RCW 9A.44.140(4) is not extensive, but it does suggest a legislative intent to provide a *369 lower burden of proof for waiver of the registration requirement for younger juveniles. A colloquy from the House Judiciary Committee hearing shows the bill's sponsor understood clearly what the law's effect would be:
Representative Hargrove: What that amendment does is allow juvenile offenders under the age of fifteen who have not offended within 2 years after their conviction to petition the court for relief from the statute registration requirements and it's by the preponderance of the evidence rather than clear and cogent and convincing evidence that they can be relieved of the that statute.
The thrust of the Hargrove amendment is to make it easier for a juvenile to wash their record clean and start over as an adult.
. . . .
Representative Riley: I would just like to speak against the amendment.
Speak quickly and loud please.
Representative Riley: The nature of the offense is the reason I am speaking against it, because it is such a compulsive type of offense, very likely to happen again, I don't think I would be willing to drop that to two years. I would like to see a longer time span, and I think that it is very unlikely that we would know within two years, so I would vote no on that.
Further remarks, Representative Hargrove.
Representative Hargrove: Well, some of the offenses we are including in having to register as a sex offender is ... in a sense consensual, playing doctor between two people more than two years apart ... we are not removing the requirement for registering as a sex offender. We are simply reducing the threshold, if they have done two years after having been convicted and dealt with and they have done two additional years after that without having any problem and you are talking about maybe a twelve year old and at fourteen they realize that they should not play doctor anymore, and, we are simply lowering the threshold for those juvenile offender[s] to a preponderance instead of clear and convincing, making it a little easier for them to prove ... that they shouldn't have to register as a sex offender.
Pet. for Review, App. C at 3-5 (Transcript of House Judiciary Comm. Hearing, Tap H-52-JUD-20b, February 27, 1991). The colloquy makes it clear the purpose of the amendment was to make it easier for younger juveniles to obtain a waiver to the sex offender registration requirement by lowering the standard of proof for a waiver. The lower standard of proof was the quid pro quo for the two-year waiting period.
2. HEISKELL MUST WAIT TWO YEARS TO SEEK WAIVER
As a convicted class A felon, Heiskell faces a lifetime requirement to register as a sex offender unless he can obtain a waiver. Understandably, Heiskell and his family want to obtain a waiver as soon as possible to avoid the public ignominy likely to ensue upon his registration. Heiskell argues he is no danger to the community, this is an intra-family matter, and he has done well in therapy.[3] Heiskell would like the opportunity to apply for the waiver under the more difficult standard of proof, clear and convincing evidence, because he can do so immediately and not have to wait two years. The statutory language, on its face, prevents that: it requires him to wait 24 months, and not reoffend, before he can apply for a waiver under the preponderance of the evidence standard. The statute does not give Heiskell the option of undertaking the clear and convincing burden in order to apply for the waiver immediately.
*370 The Court of Appeals found the statute subject to more than one reasonable interpretation:
On the one hand, it might mean that a juvenile can be relieved of his duty to register either (a) within 2 years, using a clear and convincing standard, or (b) after 2 years, using a preponderance standard. On the other hand, it might mean that a juvenile cannot be relieved of his duty to register before 2 years have expired, although he can be relieved after two years, using a preponderance standard.
Heiskell, 77 Wash.App. at 947, 895 P.2d 848.
Moreover, the Court of Appeals here thought it a more just outcome that a younger juvenile be able to try for a waiver immediately by submitting to the tougher clear and convincing standard. Heiskell points out if he were 15 at the time he molested his sister, he would be able to apply immediately for a registration waiver, but because he was 14, he has to wait two years. While acknowledging that waiting two years allows him to employ the lower standard of proof, he argues allowing him the opportunity to prove now, even under the higher clear and convincing standard, that he poses no threat to the community is entirely consistent with the statute's purpose of regulating offenders who pose a high risk of reoffense. Id. The Court of Appeals cited the House Judiciary Committee comments for the proposition that the statute was intended to make it easier for younger juveniles to prove that registration is no longer required. According to the Court of Appeals, interpreting the statute to require a two-year waiting period for younger juveniles is therefore contrary to the legislative intent. Heiskell, 77 Wash. App. at 947-48, 895 P.2d 848.
We disagree with the Court of Appeals' interpretation of the statute. First, RCW 9A.44.140(3) and .140(4) are not inconsistent. Subsection (3) applies to everyone "[e]xcept as provided in subsection (4)." RCW 9A.44.140(4) was the subsequent and more specific enactment for juveniles. The Legislature excluded application of .140(3) to those persons covered by .140(4). Plainly, by their terms, RCW 9A.44.140(3) applies to adults, and RCW 9A.44.140(4) to juveniles.
Second, the statute addresses two classes of juveniles, those 15 and older, and those, like Heiskell, who are younger than 15. For the younger juveniles, there must be a two-year waiting period. The statute does not permit exceptions. The language is unambiguous and unequivocal in creating two distinct classes of juveniles. Earlier this year, in State v. McCraw, 127 Wash.2d 281, 288-89, 898 P.2d 838 (1995), we said, "We find it unnecessary to engage in such statutory construction where, as here, the language of a statute is not ambiguous." See also City of Snohomish v. Joslin, 9 Wash.App. 495, 498, 513 P.2d 293 (1973) ("Plain words do not require construction."); Vita Food Prods., Inc. v. State, 91 Wash.2d 132, 134, 587 P.2d 535 (1978) (this court will not construe unambiguous language).
Finally, we believe the legislative intent with respect to RCW 9A.44.140(4) focused on a quid pro quo. For younger juveniles, the Legislature afforded them a lowered burden of proof for a waiver of registration, but required a two-year waiting period. Whether this is more just for younger juveniles is a question left to the Legislature. "A court may not read into a statute those things which it conceives the Legislature may have left out unintentionally." Addleman v. Board of Prison Terms & Paroles, 107 Wash.2d 503, 509, 730 P.2d 1327 (1986). Ultimately, it is not this Court's function to question the wisdom of an enactment, unless a constitutional impediment is present. We will not inquire into the policies underlying a clear legislative enactment. State v. Speaks, 119 Wash.2d 204, 209, 829 P.2d 1096 (1992).
3. HEISKELL'S RIGHT TO EQUAL PROTECTION IS NOT VIOLATED
Heiskell contends, without substantial authorities or argument, "RCW 9A.44.140 is unconstitutionally vague or denies the appellant equal protection of the law." Br. of Appellant at 1. Heiskell argues there is no rational basis for RCW 9A.44.140(4)'s disparate treatment of juveniles under 15 and juveniles over 15. In his Response to State's Petition for Review, Heiskell states only the *371 State's interpretation of RCW 9A.44.140(4) "invites equal protection problems." Id. at 11. The Court of Appeals stated "treating juveniles under age 15 differently than older juveniles and adults may raise equal protection concerns," but did not address those concerns because of the way it decided the case. Heiskell, 77 Wash.App. at 946, 948, 895 P.2d 848. While we are generally reluctant to address constitutional issues needlessly, this issue is presented to us here.
In Westerman v. Cary, 125 Wash.2d 277, 294-95, 885 P.2d 827, amended by 892 P.2d 1067 (1994), we said:
The equal protection clauses of the Fourteenth Amendment to the United States Constitution and Const. art. I, § 12 "require that `"persons similarly situated with respect to the legitimate purpose of the law receive like treatment."'" State v. Schaaf, 109 Wn.2d 1, 17, 743 P.2d 240 (1987) (quoting State v. Phelan, 100 Wn.2d 508, 512, 671 P.2d 1212 (1983) (quoting Harmon v. McNutt, 91 Wn.2d 126, 130, 587 P.2d 537 (1978))). One of three tests may be used to determine whether this clause has been violated. First, the strict scrutiny test applies when a classification affects a suspect class or a fundamental right. Schaaf, at 17, 743 P.2d 240. Second, the intermediate scrutiny test may apply "in limited circumstances": the Supreme Court has applied this test for gender-based classifications; this court has applied intermediate scrutiny to classifications affecting "both an important right (the right to liberty) and a semi-suspect class not accountable for its status (the poor)." Schaaf, at 18, 743 P.2d 240. Third, under the rational relationship test, "a law is subjected to minimal scrutiny and will be upheld `"unless it rests on grounds wholly irrelevant to the achievement of a legitimate state objective."'" Schaaf, at 17 [743 P.2d 240] (quoting Phelan, at 512 [671 P.2d 1212] (quoting Nielsen v. Washington State Bar Ass'n, 90 Wn.2d 818, 820, 585 P.2d 1191 (1978))).
Juveniles are neither a suspect class nor a semisuspect class. State v. Schaaf, 109 Wash.2d 1, 19, 743 P.2d 240 (1987). Thus, the rational relationship test applies here to the analysis of RCW 9A.44.140(4). As we said in State v. Shawn P., 122 Wash.2d 553, 561, 859 P.2d 1220 (1993) (holding the mandatory revocation of driving privileges, which applies only to minor teenagers who are adjudged to have violated the minor possessing/consuming alcohol law, does not violate equal protection): "The rational relationship test is the most relaxed and tolerant form of judicial scrutiny under the equal protection clause. Under this test, the legislative classification will be upheld unless it rests on grounds wholly irrelevant to achievement of legitimate state objectives." (Citing Omega Nat'l Ins. Co. v. Marquardt, 115 Wash.2d 416, 431, 799 P.2d 235 (1990).)
Heiskell's equal protection argument cannot be sustained. First, the statute recognizes two classes: (1) juveniles under the age of 15, and (2) everyone else, which includes juveniles 15 and older. Heiskell's equal protection argument, at the outset, must be grounded in the contention that the statute violates the equal protection clause as to him as a juvenile under the age of 15 because it disadvantages him compared to older juveniles. Heiskell throughout simply ignores the advantage he has over older juveniles and adults in being able to employ the lower standard of proof to establish his entitlement to a waiver. Instead, his argument focuses only on the two-year waiting period before he can register, in contrast to older sex offenders. The Court of Appeals likewise focused only on the two-year waiting period and held it to be contrary to the legislative intent to make it easier for younger offenders to be relieved of the registration requirement. Heiskell, 77 Wash.App. at 947-48, 895 P.2d 848.
The statute, by applying the lower burden of proof to Heiskell's application for a waiver, in fact does accomplish the legislative purpose. The statute makes it easier for him, as a younger juvenile, to obtain the waiver by meeting a lower burden of proof than the statute mandates for older offenders. Thus, at the outset, it is not even clear Heiskell has a valid reason to complain about the effect of the statute, even if it does treat him differently than it treats older offenders. The statute he challenges benefits him.
*372 Assuming, as Heiskell argues and the Court of Appeals implied, the two-year waiting period may be a detriment, the question is whether the Legislature had reasonable grounds for imposing it. Review of the House Judiciary Committee discussions demonstrates reasonable grounds exist. Requiring the younger juvenile to register for two years serves the legislative purpose of protecting the community. Moreover, allowing the younger juvenile to employ the lower standard of proof to obtain a waiver to the registration requirement serves the legislative purpose of making it easier for the younger juvenile to obtain the waiver. Thus, the statute does not rest on grounds wholly irrelevant to achievement of legitimate state objectives. In summary, the legislation survives equal protection scrutiny.

CONCLUSION
RCW 9A.44.140(4) unambiguously requires Heiskell to wait two years before first applying for a waiver from the sex offender registration requirement. The statute carries out the Legislature's intent expressed in the statutory language and in hearings on the 1991 legislation to make obtaining a waiver easier for younger juveniles by setting out a lower standard of proof for them. Moreover, Heiskell's equal protection argument fails rational basis review. We reverse the Court of Appeals' decision and reinstate the trial court's denial of Heiskell's motion to waive registration.
DURHAM, C.J., and DOLLIVER, SMITH, GUY and ALEXANDER, JJ., concur.
JOHNSON, Justice (dissenting).
I agree there is a two-year mandatory registration period under subsection (4) of RCW 9A.44.140. I disagree, however, with the majority's conclusion that, in enacting the 1991 amendments to the Community Protection Act of 1990,[1] the Legislature intended to restrict the right of juveniles to petition for relief under subsection (3) of the statute. The majority's restrictive reading of the statute is contrary to its plain language and the Legislature's intent to give judges discretion in this area of the law. I would interpret the statute to preserve judicial discretion and advance the Legislature's intent to make it easier for younger juveniles to be relieved of the duty to register. I respectfully dissent.
The sex offense Heiskell admitted to consisted of touching his younger sister's buttocks under her clothing.[2] The juvenile court judge felt "this may [have been] the perfect case for not requiring" registration, but believed he did not have discretion to consider Heiskell's petition to be relieved of the duty to register until two years had passed. Excerpt of Disposition Proceedings at 5. Heiskell was classified as a "minor offender," and given a special sex offender disposition alternative (SSODA) in lieu of confinement on the basis he was a first time offender and the probation officer's opinion that he was amenable to treatment and did not pose a risk to the community.[3]
In enacting the Community Protection Act of 1990 (Act), the Legislature recognized the need for flexibility in sex offender registration matters. Thus, it prescribed determinate registration periods for certain classes of sex offenders,[4] but nonetheless gave judges discretion to relieve any person of the duty to register at any time upon a showing by clear and convincing evidence that registration will not serve the purpose of the statute. RCW 9A.44.140(3). There is no question Heiskell could have been relieved of the duty to register had the disposition occurred before the Legislature amended the Act in 1991.
*373 In 1991, the Legislature added a new subsection to RCW 9A.44.140, and amended RCW 9A.44.140(3). Laws of 1991, ch. 274, § 3. The legislative history concerning these changes indicates the Legislature intended to make it easier for juveniles to be relieved of the duty to register because registration was being imposed in situations where it did not serve the purposes of the Act.[5] Rather than restricting or limiting the ability of younger juveniles to be relieved of the duty to register, this new section was intended to provide the court with greater discretion with regard to younger juveniles.
The plain language of the amended statute and new subsection are totally consistent with this reading of the statute. The amended statute provides, in relevant part:
(3) Any person having a duty to register under RCW 9A.44.130 may petition the superior court to be relieved of that duty.... The court shall consider the nature of the registrable offense committed, and the criminal and relevant noncriminal behavior of the petitioner both before and after conviction, and may consider other factors.

Except as provided in subsection (4) of this section, the court may relieve the petitioner of the duty to register only if the petitioner shows, with clear and convincing evidence, that future registration of the petitioner will not serve the purposes of RCW 9A.44.130....
(4) An offender having a duty to register under RCW 9A.44.130 for a sex offense committed when the offender was a juvenile may petition the superior court to be relieved of that duty.... The court may relieve the petitioner of the duty to register for a sex offense that was committed while the petitioner was fifteen years of age or older only if the petitioner shows, with clear and convincing evidence, that future registration of the petitioner will not serve the purposes of RCW 9A.44.130.... The court may relieve the petitioner of the duty to register for a sex offense that was committed while the petitioner was under the age of fifteen if the petitioner (a) has not been adjudicated of any additional sex offenses during the twenty-four months following the adjudication for the sex offense giving rise to the duty to register, and (b) the petitioner proves by a preponderance of the evidence that future registration of the petitioner will not serve the purposes of RCW 9A.44.130....
RCW 9A.44.140 (emphasis added).
The majority bases its reading of the statute on the "except" language in subsection (3) and concludes "[s]ubsection (3) applies to everyone `[e]xcept as provided in subsection (4).'" Majority at 370. But a closer reading of subsection (3) shows "except" refers to the burden of proof, not the age of the person seeking relief. Properly read, subsection (3) means the "clear and convincing" standard applies in all cases, except where the preponderance of evidence standard is available as provided in subsection (4). Because the Legislature did not alter the "any person" language in the first sentence of subsection (3) or refer to the age of the offender in the "except" sentence, subsection (3) remains as it existed before the 1991 changes.
Even assuming the statute is susceptible to differing interpretations, our case law requires we adopt the construction that best advances the overall intent of the Legislature. Hart v. Peoples Nat'l Bank, 91 Wash.2d 197, 203, 588 P.2d 204 (1978); Human *374 Rights Comm'n ex rel. Spangenberg v. Cheney Sch. Dist. No. 30, 97 Wash.2d 118, 121, 641 P.2d 163 (1982). Restricting judicial discretion with regard to younger juveniles is contrary to the Legislature's overall intent to provide judicial discretion in juvenile criminal matters, as expressed in the Juvenile Justice Act of 1977 (JJA), RCW 13.40. See State v. Hayden, 72 Wash.App. 27, 31, 863 P.2d 129 (1993). The JJA differs from the Sentencing Reform Act of 1981 in that the underlying purpose of the JJA is both rehabilitation and punishment. State v. Rice, 98 Wash.2d 384, 393-94, 655 P.2d 1145 (1982). Rehabilitation requires sentencing flexibility and judicial discretion. Thus, rather than subjecting all juvenile sex offenders to purely determinate sentences under the JJA, the Legislature provided, among other things, the special sex offender disposition alternative. RCW 13.40.160(5). In addition, the court has broad discretion under the JJA with regard to exceptional sentences and modification of disposition orders.
I am persuaded that the Legislature did not intend to restrict the rights of juveniles under subsection (3) of the statute. I would hold, as did the Court of Appeals, that juveniles who commit sex offenses while under 15 years of age may petition for relief from the registration requirement under subsection (3) or (4) of the statute. My reading of the statute would preserve the overall legislative intent to give judges discretion in this area of the law and have no adverse impact on public safety.
MADSEN and SANDERS, JJ., concur.
NOTES
[1] RCW 9A.44.140 was amended in the 1995 session of the Legislature. Laws of 1995, ch. 248, § 2. RCW 9A.44.140(3) became RCW 9A.44.140(4). We refer to the statute at issue here by its present designation.
[2] "Sex offense" for the purpose of the sex offender registration law means any offense defined as a sex offense by RCW 9.94A.030(33). RCW 9A.44.130(6). Under RCW 9.94A.030(33), a sex offense is any violation of chap. 9A.44 RCW, and thus encompasses the crime for which Heiskell pleaded guilty.
[3] Although the statement that Heiskell was doing well in therapy might have been true at the time Heiskell filed this brief, July 29, 1993, his probation was subsequently revoked on August 4, 1994, for "not making satisfactory progress in sex-offender treatment." Order Revoking Probation and Imposing Commitment (unauthenticated copy attached to Pet. for Review). Without raising any issues of authenticity or whether the document is properly before this Court, Heiskell points out the "probation violation has no relevance to the issue of whether the court had discretion to waive sexual registration at the time of Roger's petition." Response to State's Pet. for Review at 4 n. 3.
[1] Laws of 1990, ch. 3.
[2] Heiskell was 13 years old at the time and his sister was 9. In addition to this conduct, there was alleged but uncharged conduct of the same seriousness.
[3] Under SSODA, the juvenile court has discretion to provide community supervision and treatment in lieu of confinement for first time offenders regardless of their age. RCW 13.40.160(5).
[4] RCW 9A.44.140(1)(b) provides, for example, that the duty to register for a person convicted of a class B sex felony ends 15 years after the last date of release from confinement.
[5] Representative Hargrove, the sponsor of the amendment, explained: "I think that as we wound together the sex offender registration pieces of the legislation along with all of the up penalties we have had over the last several years we have changed a number of things to felonies that uh, I think are questionable. I don't question that they should be sanctioned as wrong, but uh changing them to felonies is questionable and then we have added the layer of sex registration on top of it, so you have uh, two kids, two years apart, two and a half years apart, playing doctor, a parent gets upset, the prosecutor prosecutes and then they have to register as sex offender[s] for the next ten years, and I really don't think that that was our intent of this. We are trying to get the bad actors and I think, and uh notify the public of the bad actors and I think that this will uh introduce just a small amount of common sense into the sex registration process, so I urge your support." Pet. for Review App. C at 5 (House Judiciary Comm. Tape H-52-JUD-20b, Feb. 27, 1991).