[No. 37649-7-I. Division One. October 13, 1997.]

THE STATE OF WASHINGTON, *Respondent*, v. MICHAEL GORDON McNEAIR, *Appellant*.

*David L. Donnan* of *Washington Appellate Project*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Mark G. Stockdale, Deputy*, for respondent.

Cox, J. — For the first time, Michael McNeair asserts on appeal that he was denied equal protection of the laws when the trial court denied his request to be sentenced to

a special drug offender sentencing alternative (DOSA). The court below denied the request on the basis that Mc-Neair was ineligible under governing statutes because he had prior felony convictions. We hold that this challenge is reviewable but that McNeair fails to show that the DOSA provision he challenges violates his right to equal protection. Accordingly, we affirm his sentence.

McNeair pleaded guilty to a charge of one count of delivery of cocaine after he was arrested in a buy-bust operation. The trial court sentenced him to a prison term of 87 months, the low end of the standard range.

After sentencing, McNeair wrote the court and requested resentencing under the DOSA. The trial judge responded by letter, informing McNeair that his prior felony convictions for VUCSA (Violation of Uniform Controlled Substances Act) disqualified him from the sentencing alternative. McNeair appeals.

## I

### Scope of Review

The State raises two threshold issues. They would preclude us from reaching the merits of the appeal should we agree with the State's contentions. We reject both arguments.

The State first argues that McNeair waived his right to appeal by pleading guilty to the VUCSA charge. But this is not an appeal of his guilty plea. Rather, it is a challenge, under the Fourteenth Amendment, to the provisions of a sentencing alternative from which McNeair is excluded by the express terms of the statute.[1]

In *State v. Majors*,[2] our state Supreme Court observed that while a defendant generally waives his or her right to appeal by pleading guilty, the defendant preserves the

---

[1]RCW 9.94A.120(6)(a) states in relevant part that "[a]n offender is eligible for the special drug offender sentencing alternative if: . . . (ii) [t]he offender has no prior convictions for a felony in this state, another state, or the United States[.]"

[2]94 Wn.2d 354, 356, 616 P.2d 1237 (1980).

right to challenge the judgment and sentence on collateral grounds. Such grounds include the jurisdiction of the court, validity of the statute violated, sufficiency of the information, or the circumstances under which the plea was made.[3] But the court held in that case that Majors had bargained for his sentence by negotiating a plea and thus could not challenge on appeal the sufficiency of the information under which he was charged. The court appears to have based its decision on its conclusion that Major's attack was not jurisdictional and he was not misled by the technical nature of the alleged defect.[4]

However, in *In re Personal Restraint Petition of Hews*[5] and *In re Personal Restraint Petition of Moore*,[6] the Supreme Court declined to apply the rule of *Majors*. In the former case, the appellant challenged the plea on due process grounds because of an alleged failure to understand the nature of the charge. In the latter case, the court held that the defendant could challenge on appeal the trial court's statutory authority to impose his sentence even though he pleaded guilty.[7]

█ Here, McNeair challenges, on equal protection grounds, the DOSA from which he is excluded by the express terms of the statute. The State offers no explanation why a defendant may appeal on due process grounds the validity of a plea, such as in *Hews*, but may not challenge the constitutional validity of a statute excluding him from a sentencing alternative. We perceive no distinction in principle between the two situations. The rule of *Majors* does not control this case.

The State next argues that McNeair may not appeal his

---

[3]*Majors*, 94 Wn.2d at 356.

[4]*Majors*, 94 Wn.2d at 358.

[5]108 Wn.2d 579, 741 P.2d 983 (1987).

[6]116 Wn.2d 30, 38, 803 P.2d 300 (1991).

[7]*See also State v. Pritchard*, 79 Wn. App. 14, 900 P.2d 560 (1995), *review granted in part, cause remanded by State v. Cobabe*, 128 Wn.2d 1016 (1996) (defendant could appeal juvenile decline decision despite guilty plea).

sentence because it is within the standard range. That position is also unsound.

Our courts have created two narrow exceptions to the statutory rule that defendants may not appeal standard range sentences.[8] First, the state Supreme Court has observed that there is an exception to the statutory prohibition against appeal where a defendant raises a constitutional challenge to the sentencing statute.[9] We noted this principle in *Sandefer*. But earlier cases also acknowledged the same principle.

In *Herzog*, the issue was whether the trial court improperly considered a foreign conviction when calculating the sentence within the standard range. The Supreme Court noted that a challenge based on constitutional grounds to a standard range sentence should defeat the statutory prohibition.[10] It did not decide the issue, however, because the State conceded it in that case.[11]

In *Mail*, the court expressly reserved the issue of the appealability of constitutional challenges to sentencing.[12] The court declined to resolve the question because the appellant did not adequately raise or brief the issue.

Recently, this court also held that a standard range sentence may be the subject of a challenge on equal protection grounds.[13] Thus, if a court were to rely on an impermissible ground (such as race, gender, or religion) to sentence someone within the standard range, an appeal is permissible.

Here, the issue reserved by the Supreme Court in *Mail*

---

[8]RCW 9.94A.210(1) states, in relevant part, that "[a] sentence within the standard range for the offense shall not be appealed."

[9]*See State v. Sandefer*, 79 Wn. App. 178, 181, 900 P.2d 1132 (1995) (citing *State v. Mail*, 121 Wn.2d 707, 712-13, 854 P.2d 1042 (1993) (citing *State v. Herzog*, 112 Wn.2d 419, 423, 771 P.2d 739 (1989))).

[10]*Herzog*, 112 Wn.2d at 423.

[11]*Herzog*, 112 Wn.2d at 423.

[12]*Mail*, 121 Wn.2d at 712-13 n.3.

[13]*State v. Garcia-Martinez*, 88 Wn. App. 322, 944 P.2d 1104 (1997).

is presented in a manner that permits us to consider it. This is not a challenge to a standard range sentence that is only marginally related to constitutional issues. Rather, it is a case where the equal protection challenge is clear and evident and has identifiable consequences.[14]

■ There is one other basis for our review. The Supreme Court in *State v. Onefrey*[15] and this court in *State v. Akin*[16] and *State v. Vanoli*[17] have held that a defendant may challenge the trial court's determination of his eligibility for a sentencing alternative where the trial court has imposed a standard range sentence. In *Onefrey*, the court stated that the prohibition against appealing standard range sentences is limited to challenges based on the *amount* of time imposed, not to a challenge based on statutory construction.[18] In *Akin*, we held that a defendant who received a standard range sentence could challenge the trial court's determination of his eligibility for a work ethic camp sentencing alternative.[19] In *Vanoli*, we held that the defendant was entitled to appeal based on his assertion that the trial court made a legal error in determining that the first-offender waiver was not applicable.[20]

This appeal presents an issue similar to that raised in *Onefrey*, *Akin*, and *Vanoli*. McNeair claims that he should be eligible for sentencing under an alternative sentencing provision, not that the court should have given him a shorter sentence. His challenge is therefore based on a legal issue relating to a sentencing alternative.

The cases the State cites do not support its argument

---

[14]*See* RAP 2.5(a). *See also State v. Lynn*, 67 Wn. App. 339, 345, 835 P.2d 251 (1992).

[15]119 Wn.2d 572, 574 n.1, 835 P.2d 213 (1992).

[16]77 Wn. App. 575, 578-79, 892 P.2d 774 (1995).

[17]86 Wn. App. 643, 937 P.2d 1166 (1997).

[18]119 Wn.2d at 574 n.1 (quoting *State v. Ammons*, 105 Wn.2d 175, 182, 713 P.2d 719, 718 P.2d 796, *cert. denied*, 479 U.S. 930 (1986)).

[19]77 Wn. App. at 578-79.

[20]86 Wn. App. at 649.

that we may not consider McNeair's equal protection challenge. In *Mail,* as we noted above, the court did not resolve the issue of whether a defendant may appeal standard range sentences on constitutional bases. In *State v. Friedrich-Tibbets,*[21] the appellant argued that the trial court should have imposed an exceptional sentence based on mitigating circumstances. In *State v. J.W.,*[22] the defendant argued that the court abused its discretion because its refusal to impose a special sex offender sentencing alternative was not supported by sufficient reasons. But McNeair is not arguing that the trial court abused its discretion. Rather, he is challenging the constitutionality of the DOSA statute.

The State's threshold arguments fail. We review the merits of the challenge.

## II

### Equal Protection

RCW 9.94A.120(6)(a) states in relevant part that "[a]n offender is eligible for the special drug offender sentencing alternative if: . . . (ii) [t]he offender has no prior convictions for a felony in this state, another state, or the United States[.]" McNeair argues that the distinction between drug offenders with prior felony convictions and those without violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

Our first task in applying equal protection analysis is to determine which of three levels of review apply: strict scrutiny, intermediate scrutiny, or rational basis review.[23] We apply strict scrutiny to classifications that are based on race, national origin, or alienage, or that affect a

[21]123 Wn.2d 250, 866 P.2d 1257 (1994).

[22]84 Wn. App. 808, 929 P.2d 1197 (1997).

[23]*State v. Heiskell,* 129 Wn.2d 113, 123-24, 916 P.2d 366 (1996) (quoting *Westerman v. Cary,* 125 Wn.2d 277, 294-95, 892 P.2d 1067 (1994)).

fundamental right.[24] Intermediate scrutiny applies to classifications based on a semisuspect class and where an important right is involved.[25] A classification based on poverty in a statute involving the right to liberty is one example.[26] Rational basis review applies where there are no factors triggering more intensive scrutiny.[27]

■ McNeair contends that liberty is a fundamental right and that we should apply strict scrutiny. But he correctly concedes that our state Supreme Court has held that liberty is not a fundamental right for purposes of equal protection analysis.[28] He argues that this holding is inconsistent with U.S. Supreme Court cases. But in doing so, he ignores the holding of *Chapman v. United States.*[29] There, the Court stated that

> [e]very person has a fundamental right to liberty in the sense that the Government may not punish him unless and until it proves his guilt beyond a reasonable doubt at a criminal trial conducted in accordance with the relevant constitutional guarantees. But a person who *has* been so convicted is eligible for, and the court may impose, whatever punishment is authorized by statute for his offense, so long as that penalty is not cruel and unusual . . . .[30]

We conclude that in the context of sentencing a convicted criminal, strict scrutiny is not triggered by concerns about any liberty interest.

■ To warrant intermediate scrutiny, McNeair must show that a semisuspect class and an important interest

---

[24]*Petersen v. State*, 100 Wn.2d 421, 444, 671 P.2d 230 (1983); *Westerman*, 125 Wn.2d at 294.

[25]*Heiskell*, 129 Wn.2d at 123 (quoting *Westerman*, 125 Wn.2d at 294-95).

[26]*Heiskell*, 129 Wn.2d at 123.

[27]*State v. Manussier*, 129 Wn.2d 652, 673, 921 P.2d 473 (1996), *cert. denied*, 520 U.S. 1201 (1997).

[28]*See State v. Coria*, 120 Wn.2d 156, 839 P.2d 890 (1992).

[29]500 U.S. 453, 111 S. Ct. 1919, 114 L. Ed. 2d 524 (1991).

[30]500 U.S. at 465.

are involved. He does not argue that drug offenders with prior felony convictions are a semisuspect class. Nor has he cited authority to support such an argument. We deem the failure to make such an argument as a concession that such an argument has no merit. No semisuspect class is involved here, and thus intermediate scrutiny does not apply.

Because no factors exist in this case to trigger heightened scrutiny, we apply rational basis review.

 McNeair cites the three-part test for rational basis review set forth in *Petersen v. State*.[31] But the state Supreme Court has alternated between this test and a one-prong test that is essentially identical to that used by the U.S. Supreme Court.[32] Because we are faced here with a challenge based solely on the federal constitution, we turn to the United States Supreme Court for guidance on the proper test to apply. That Court has stated that a classification does not violate the Fourteenth Amendment where " 'there is any reasonably conceivable state of facts that could provide a rational basis for the classification.' "[33] McNeair bears the burden of showing that there is no rational basis for the classification.[34] We strongly presume that a legislative act is constitutional under rational basis review.[35] "A legislative choice may be based on rational speculation."[36]

 The exclusion of an offender from a sentencing alternative based on that offender's prior conviction of one

---

[31]100 Wn.2d at 445.

[32]*See, e.g., Griffin v. Eller*, 130 Wn.2d 58, 65, 922 P.2d 788 (1996); *Manor v. Nestle Food Co.*, 131 Wn.2d 439, 448-49, 932 P.2d 628 (1997).

[33]*Heller v. Doe*, 509 U.S. 312, 320, 113 S. Ct. 2637, 125 L. Ed. 2d 257 (1993) (quoting *F.C.C. v. Beach Communications, Inc.*, 508 U.S. 307, 313, 113 S. Ct. 2096, 124 L. Ed. 2d 211 (1993)).

[34]*Manor*, 131 Wn.2d at 449.

[35]*Westerman*, 125 Wn.2d at 295 (quoting *State v. Smith*, 117 Wn.2d 263, 279, 814 P.2d 652 (1991)). *See also Heller*, 509 U.S. at 319.

[36]*State v. Wallace*, 86 Wn. App. 546, 554, 937 P.2d 200 (1997) (citing *Beach Communications*, 508 U.S. at 315).

or more felonies is a rational classification by the Legislature. In this respect, the DOSA classification is very similar to that in the first-offender alternative provided for by RCW 9.94A.120(5).[37] In *State v. Welty*,[38] this court observed that the Legislature decided that rehabilitation of certain offenders is a proper goal, notwithstanding the SRA's general policy of uniformity and proportionality in sentencing. The court further observed that the Legislature evidently believed that successful rehabilitation was more likely for those who have not committed prior felonies.[39]

The same principles apply here. The Legislature has decided that one who commits certain VUCSA offenses is ineligible for the DOSA if she has any prior felony convictions. The Legislature appears to have made the decision that the potential for successful rehabilitation is greater for those who have not committed prior felonies. Such a classification is rational in light of the goal of maximizing the potential for successful rehabilitation of those drug offenders to which the statute applies.

McNeair argues that the sole purpose of the DOSA provision is to rehabilitate addicted offenders. He ignores the provisions of the statute that implicitly indicate that the Legislature had more than one goal in mind. For example, the DOSA does not apply where the trial judge finds the offense involved more than a small amount of the controlled substance.[40] The judge must impose conditions on

---

[37]The relevant part of this statute states that "[i]n sentencing a first-time offender the court may waive the imposition of a sentence within the sentence range and impose a sentence which may include up to ninety days of confinement in a facility operated or utilized under contract by the county and a requirement that the offender refrain from committing new offenses. The sentence may also include up to two years of community supervision, which, in addition to crime-related prohibitions, may include requirements that the offender perform any one or more of the following: . . . ."

[38]44 Wn. App. 281, 726 P.2d 472, *review denied*, 107 Wn.2d 1002 (1986).

[39]*Welty*, 44 Wn. App. at 283-84.

[40]RCW 9.94A.120(6)(a)(iii).

an offender who is eligible for a DOSA.[41] If the offender violates these conditions, the judge may impose additional confinement.[42] Clearly, the Legislature balanced its interest in rehabilitating drug-addicted offenders against a number of other legitimate concerns. Rehabilitation of addicted offenders was not the sole purpose of the provision at issue here.

We recently considered a similar argument in *State v. Wallace*,[43] where we rejected an equal protection challenge to the home detention statute.[44] Like the statute in *Wallace*, the DOSA provision here implicitly indicates that the Legislature balanced competing objectives and made a choice to exclude prior felons from the sentencing alternative.

For these reasons, we reject McNeair's argument that the DOSA provision violates his right to equal protection

We affirm the judgment and sentence.

COLEMAN and AGID, JJ., concur.

---

[41]RCW 9.94A.120(6)(b).

[42]RCW 9.94A.120(6)(c).

[43]86 Wn. App. 546.

[44]Former RCW 9.94A.030(36)(b) (now RCW 9.94A.185).