(992 P.2d 1244)

No. 81,633

STATE OF KANSAS, *Appellee*, v. THOMAS E. STEVENS, *Appellant*.

Opinion filed November 24, 1999.

*Brent Getty*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Steven J. Obermeier*, assistant district attorney, *Patrick A. N. Carney*, legal intern, *Paul J. Morrison*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before ELLIOTT, P.J., GERNON, J., and PADDOCK, S.J.

GERNON, J.: Thomas E. Stevens appeals the district court's denial of his motion to rescind the registration requirements under the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 *et seq.*, or to prohibit disclosure of his registration information on the internet.

Stevens pled no contest to one count of indecent liberties with a child. Prior to his sentencing hearing, he filed a motion to rescind

the registration requirements under KORA or, in the alternative, to bar disclosure of his registration information from the Kansas Bureau of Investigation's (KBI) internet web page. The sentencing court held a hearing on Stevens' motion, denied the motion, and sentenced Stevens to 36 months' probation. Stevens appeals the denial of his motion.

Stevens first argues that he has a right to a hearing to determine whether he poses a threat to society before being forced to comply with the KORA.

The record clearly shows that a hearing was held, although it was heard prior to his sentencing. The trial court concluded that the record failed to establish that Stevens did not pose a danger to society and denied his motion. This issue is moot and will not be considered.

Stevens next argues that the disclosure of a sex offender's registration information on the internet violates the disclosure provisions of the KORA and violates the offender's right to privacy.

K.S.A. 1998 Supp. 22-4909 provides:

"The statements or any other information required by this act shall be open to inspection in the sheriff's office by the public and specifically are subject to the provisions of the Kansas open records act, K.S.A. 45-215 *et seq.*, and amendments thereto, except that the name, address, telephone number, or any other information which specifically and individually identifies the victim of any offender required to register as provided in this act shall not be disclosed other than to law enforcement agencies."

K.S.A. 1998 Supp. 22-4909 must be read in conjunction with the entire KORA to see if the statutes are in harmony or whether they conflict. See *KPERS v. Reimer & Koger Assocs., Inc.*, 262 Kan. 635, 643-44, 941 P.2d 1321 (1997). The KORA requires that all offender registration information be provided to the KBI. See K.S.A. 1998 Supp. 22-4905(a)(2)(B), K.S.A. 1998 Supp. 22-4907(a).

The Open Records Act requires the sheriff to keep the records available for public inspection, see K.S.A. 45-218; provide copies of the information, see K.S.A. 1998 Supp. 45-219; and establish procedures for making the information available to the public, K.S.A. 45-220. The Open Records Act also establishes a list of

public records that are not subject to mandatory disclosure. K.S.A. 1998 Supp. 45-221. Pursuant to K.S.A. 1998 Supp. 45-221(a)(29)(C), access to offender registration information is specifically authorized.

Our reading of the statutes leads us to conclude that it is the legislative intent to provide public access to the registration information required when an offender falls within the provisions of the KORA.

We further conclude that disclosures on the internet are allowed, given our reading of the statutes.

K.S.A. 45-220(a) provides:

"Each public agency shall adopt procedures to be followed in requesting access to and obtaining copies of public records, which procedures shall provide full access to public records, protect public records from damage and disorganization, prevent excessive disruption of the agency's essential functions, provide assistance and information upon request and insure efficient and timely action in response to applications for inspection of public records."

Pursuant to K.S.A. 45-220(a), the KBI is not precluded from publishing the information on the internet unless the internet jeopardizes the records or their organization, disrupts the agency's essential functions, fails to provide assistance upon request, or fails to insure efficient and timely response to applications for inspection of the information. Clearly, the internet provides a medium that meets all of the criteria required in K.S.A. 45-220. As a result, disclosure on the internet is not contrary to K.S.A. 1998 Supp. 22-4909.

Stevens next argues that K.S.A. 1998 Supp. 22-4909 is unconstitutional as a violation of his right to privacy.

The constitutionality of a statute is a question of law over which an appellate court has unlimited review. *State v. Scott*, 265 Kan. 1, 4, 961 P.2d 667 (1998).

In reviewing the constitutionality of a statute, an appellate court must consider the following standards:

" 'The constitutionality of a statute is presumed. All doubts must be resolved in favor of its validity, and before the act may be stricken down it must clearly appear that the statute violates the constitution. In determining constitutionality, it is the court's duty to uphold a statute under attack rather than defeat it. If there

is any reasonable way to construe the statute as constitutionally valid, that should be done. A statute should not be stricken down unless the infringement of the superior law is clear beyond substantial doubt.' " 265 Kan. at 4 (quoting *State v. Bryan*, 259 Kan. 143, Syl. ¶ 1, 910 P.2d 212 [1996]).

Stevens argues that the statute impinges on his right to privacy by attacking his reputation, forcing him to disclose personal information, and subjecting him to ostracism, stigma, ridicule, reprisal, and vigilante action by members of the public. Essentially, Stevens is claiming a privacy interest in his reputation and his personal information.

Kansas has not previously determined whether an individual has a constitutional privacy interest in his or her reputation and personal information. Kansas, however, has determined that an individual does not have a protected privacy interest in his or her arrest and conviction record. *Atchison, T. & S. F. Rly. Co. v. Lopez*, 216 Kan. 108, 125, 531 P.2d 455 (1975).

Courts have identified two clusters of privacy rights that are constitutionally recognized. One of the clusters involves the autonomy to make significant personal decisions. *Vega-Rodriguez v. Puerto Rico Telephone Co.*, 110 F.3d 174, 182-83 (1st Cir. 1997). This cluster includes decisions relating to marriage, procreation, contraception, family relationships, child rearing, and education. 110 F.3d at 183. See *Whalen v. Roe*, 429 U.S. 589, 600 n.26, 51 L. Ed. 2d 64, 97 S. Ct. 869 (1977); see also *Sheppard v. Sheppard*, 230 Kan. 146, 154, 630 P.2d 1121 (1981), *cert. denied* 455 U.S. 919 (1982) (finding a privacy interest in raising children).

The other cluster involves an individual's interest in avoiding disclosure of personal matters. *Whalen*, 429 U.S. at 599. Although the *Whalen* Court identified this cluster, it did not identify the types of personal matters that are included in this cluster. 429 U.S. at 599 n.25. Indeed, "the contours of the confidentiality branch are murky." *Scheetz v. The Morning Call, Inc.*, 946 F.2d 202, 206 (3d Cir. 1991), *cert. denied* 502 U.S. 1095 (1992). Generally, the right to privacy is only implicated when the information disclosed "affects an essential component of a person's dignity." *United States v. McFillin*, 713 F.2d 57, 60 (4th Cir. 1981). The federal

circuit courts do not agree when an essential component of a person's dignity has been implicated.

In *Paul P. v. Verniero*, 170 F.3d 396 (3d Cir. 1999), the Third Circuit addressed whether the notification provisions of New Jersey's sex offender registration act violated an offender's right to privacy. The court noted the general understanding that home addresses are entitled to some privacy protection, so it refused to find no privacy interest in a person's home address. 170 F.3d at 404. Nonetheless, the court upheld the statute, finding that the State's compelling interest in preventing sex offenses outweighed any privacy interest an offender might have in preventing the disclosure of his home address. 170 F.3d at 404.

Two states, Massachusetts and New Jersey, have found that an offender's constitutional privacy interests are implicated by the notification provisions of sex offender registration statutes. In *Doe v. Attorney General*, 426 Mass. 136, 144, 686 N.E.2d 1007 (1997) (subsequently referred to as *Doe 3* by the Massachusetts court), the Massachusetts Supreme Judicial Court held that a level 1 (low level risk) sex offender has a liberty and privacy interest protected by the Massachusetts Constitution. This interest arises due to the combination of the following circumstances: "(1) the requirement that he register with local police; (2) the disclosure of accumulated personal information on request; (3) the possible harm to his earning capacity; (4) the harm to his reputation; and, most important, (5) the statutory branding of him as a public danger, a sex offender." 426 Mass. at 144. The *Doe* court held that a low level risk offender was entitled to procedural due process before he or she could be required to register and before his or her registration information could be publicly disclosed. 426 Mass. at 146. The Massachusetts Supreme Judicial Court recently upheld its decision in *Doe 3* and applied it to level 2 and 3 sex offenders. *Doe v. Attorney General*, 430 Mass. 155, 163, 166, 715 N.E.2d 37 (1999).

In *John Doe v. Poritz*, 142 N.J. 1, 83-84, 662 A.2d 367 (1995), the Supreme Court of New Jersey held that the disclosure of an offender's home address, when coupled with the other information included in the notification statute, implicates a privacy interest. The court, however, determined that an offender can only claim a

limited expectation of privacy in the information. 142 N.J. at 88. Noting that the degree and scope of disclosure was "carefully calibrated" to the need for public disclosure, the court upheld the statute based on a prevailing state interest in protecting the public from the substantial danger of recidivism by sex offenders. 142 N.J. at 89-90.

Some states have refused to find a privacy interest on behalf of the offender. *Patterson v. State*, 985 P.2d 1007 (Alaska App. July 23, 1999) (holding that the right of privacy does not attach to matters already within the public domain); *People v. Logan*, 302 Ill. App. 3d 319, 334, 705 N.E.2d 152 (1998) (stating that "[t]he defendant cannot argue that the compilation and dissemination of truthful information that is already, albeit less conveniently, a matter of public record constitutes a legitimate privacy interest"), *reaff'd by People v. Malchow*, 306 Ill. App. 3d 665, 671, 714 N.E.2d 583 (1999); *State v. Dickens*, 1999 WL562125, *aff'd* 890 Ohio 3d 59, 62, 728 N.E.2d 1037 (2000) (finding that the harsh consequences of registration and notification result from the offender's past actions, not the offender registration law); *State v. Heiskell*, 77 Wash. App. 943, 945-46, 895 P.2d 848 (1995), *rev'd on other grounds State v. Heiskell*, 129 Wash. 2d 113, 916 P.2d 366 (1996) (stating that in light of prior discussions the issue is without merit and warrants no further discussion).

Other states have determined that an offender's privacy interest is limited by the state's interest in protecting the public from recidivism by sex offenders. *Dept. of Public Safety v. Superior Court*, 190 Ariz. 490, 495, 949 P.2d 983 (1997) (stating in dicta that persons convicted of committing sex offenses have a reduced expectation of privacy because of the public's interest in public safety in determining that sex offender registration statute did not violate prohibition on ex post facto laws); *State v. Calhoun*, 669 So. 2d 1351, 1358 (La. App. 1996), *rev'd on other grounds State v. Calhoun*, 694 So. 2d 909 (La. 1997) (stating that the right to privacy is not absolute and that sex offender's expectation of privacy is outweighed by the state's compelling interest in protecting the public); *Com. v. Mountain*, 711 A.2d 473, 478 (Pa. Super. 1998) (finding that "the momentary inconvenience of disclosing [the re-

quired offender] information to police is greatly outweighed by the need to ensure public safety").

Given the legislative intent evidenced by the plain language of the statute, we conclude that the placing of offender registration information on the internet does not impinge on Stevens' constitutional right of privacy. A strong argument can be made for requiring a court to determine a level of risk involved on a case-by-case basis and then determining to what degree the State is allowed to impinge on an individual's right of privacy to better ensure public safety. We can assume here that the legislature carefully studied such a proposal and rejected it.

We must now consider whether the statute passes constitutional muster using the rational basis test. See *Farley v. Engelken*, 241 Kan. 663, 669, 740 P.2d 1058 (1987). Under that test, the Constitution is offended only if the statute rests on grounds that are wholly irrelevant to the achievement of the State's purpose. Disclosure of sex offender registration information on the internet clearly passes this test. The statute was enacted to protect the public from sex offenders. Wide dissemination of sex offender registration information is not wholly irrelevant to the State's purpose.

Affirmed.