John W. Campbell, General Counsel Kansas Insurance Department 420 SW 9th Street Topeka, Kansas 66612 *Page 2 
Dear Mr. Campbell:
As General Counsel for the Kansas Insurance Department (KID), you request that our office address whether KID can restrict the inspection, copying, or distribution of a rate filing submitted pursuant to K.S.A. 2009 Supp. 40-955. KID stores all rate filings in an electronic format, which the public can access at a dedicated computer terminal located in KID's office. Your concern is that, in complying with a disclosure request pursuant to K.S.A. 2009 Supp. 40-955 or the Kansas Open Records Act (KORA), KID may violate the Copyright Act[1] or the Kansas Uniform Trade Secrets Act (KUTSA)[2].
K.S.A. 2009 Supp. 40-955 and the Kansas Open Records Act(KORA)
The statute requiring rate filings, K.S.A. 2009 Supp. 40-955(a), states in part:
 Every insurer shall file with the commissioner [of insurance] . . . every manual of classifications, rules and rates, every rating plan, policy form and every modification of any of the foregoing which it proposes to use. Every such filing . . . shall be accompanied by the information upon which the insurer supports the filings. A filing and any supporting information shall be open to public inspection after it is filed with the commissioner.[3]
Reaffirming the "openness" of this filing is the KORA which articulates the public policy of Kansas that "public records shall be open for inspection by any person unless otherwise provided."[4] "Public record"[5] includes information filed, maintained, or stored in an electronic format.[6] *Page 3 
The Copyright Act
KORA allows any person to obtain copies of public records[7]
which would include the rate filings required to be filed pursuant to K.S.A. 40-955.[8] However, KORA recognizes the rights belonging to a copyright owner by virtue of K.S.A. 45-219(a) which provides that an agency "shall not be required to provide . . . items . . . which are copyrighted by a person other than the public agency."[9] Thus, KID may, but is not required to, refuse to provide copies of materials that are copyrighted.[10] Should KID refuse to provide copies, KORA places the burden on KID to establish that the records that are the subject of the request are protected by copyright.[11]
Whether KID violates the Copyright Act by placing copyrighted materials on a dedicated computer terminal for downloading and copying is dependent upon the facts of each case and the application of any possible exceptions, such as the "fair use" doctrine.[12]
Accordingly, we offer no determination in this regard.
The Kansas Uniform Trade Secrets Act (KUTSA)
KUTSA prohibits the misappropriation of a "trade secret"[13] by any person, including a government agency.[14] A trade secret is "information" that:
 (i) [D]erives independent economic value . . . from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and
 (ii) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.[15] *Page 4 
"Misappropriation" is defined, in part, as:
 (ii) [D]isclosure or use of a trade secret . . . without express or implied consent by a person who:
 (A) used improper means to acquire knowledge of the trade secret; or
 (B) at the time of disclosure or use, knew or had reason to know that his knowledge of the trade secret was
 (I) derived from . . . a person who had utilized improper means to acquire it;
 (II) acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or
 (III) derived from . . . a person who owed a duty to the person seeking relief to maintain its secrecy. . . .[16]
It is questionable whether information required by law to be filed with a state agency and open to public inspection would constitute a "trade secret" in light of the above-referenced definition. Ultimately, it will be a question of fact whether information contained in a rate filing is a "trade secret" and, if so, whether a state agency has "misappropriated" it.[17]
As indicated previously, KORA allows any person to obtain copies of public records[18] which would include the rate filings required to be filed pursuant to K.S.A. 2009 Supp. 40-955.[19] While KORA allows agencies to refuse to disclose certain enumerated records, there is no specific exception for records containing trade secrets.[20] *Page 5 
In light of the clear mandate of K.S.A. 2009 Supp. 40-955 and the absence of a specific disclosure exception, [21] KID cannot refuse to provide copies of rate filings on the basis that the filings may contain trade secrets.
Sincerely,
 Steve Six Attorney General
 Mary Feighny Deputy Attorney General
SS:MF:jm
[1] .S.C. § 101 et seq.
[2] K.S.A. 60-3320 et seq.
[3] Emphasis added.
[4] K.S.A. 45-216(a).
[5] K.S.A. 2009 Supp. 45-217(g)(1) ("any recorded information, regardless of form or characteristics, which is made, maintained or kept by or is in the possession of any public agency").
[6] Attorney General Opinion No. 2002-1. See alsoState v. Wilkinson, 269 Kan. 603, 614-15 (2000) andState v. Stevens, 26 Kan. App. 2d 606, 609 (1999), rev.denied 268 Kan. 855 (2000). (A public agency may disclose its public records by electronic means if the requirements of K.S.A. 2009 Supp. 45-220(a) are met).
[7] K.S.A. 45-219(a).
[8] Attorney General Opinion No. 2008-03. But see
K.S.A. 45-219, as amended by L. 2010, Ch. 112, § 1 (public agency not required to allow person to obtain copy by utilizing an electronic device provided by the person).
[9] K.S.A. 45-219(a). Emphasis added.
[10] City of Lenexa v. Puhr, 97 P.3d 1072 (2004) (unpublished) (city not required to provide copy of copyrighted radar manual).
[11] K.S.A. 45-218; State Dept. of SRS v. Public EmployeeRelations Board, 249 Kan. 163, 170 (1991).
[12] Campbell v. Acuff-Rose Music, Inc.,510 U.S. 569, 577 (1994).
[13] K.S.A. 60-3321.
[14] K.S.A. 60-3320(3).
[15] K.S.A. 60-3320(4). Emphasis added.
[16] K.S.A. 60-3320(2).
[17] Progressive Products, Inc. v. Swartz,41 Kan.App.2d 745 (2009). (Threshold inquiry in an action for misappropriation of a trade secret is whether there is a trade secret to be misappropriated in the first instance. Whether a trade secret exists is an issue for the trier of fact.)
[18] K.S.A. 45-219(a).
[19] Attorney General Opinion No. 2008-03. But see
K.S.A. 45-219, as amended by L. 2010, Ch. 112, § 1 (public agency not required to allow person to obtain copy by utilizing an electronic device provided by the person).
[20] Southwestern Bell Telephone Co. v. State CorporationCommission, 6 Kan.App.2d 444 (1981)(Court's reversal of Commission decision allowing disclosure of records containing alleged trade secrets distinguishable; no statute mandating public inspection).
[21] See K.S.A. 66-1220a (state corporation commission shall not disclose a trade secret unless disclosure is warranted after consideration of certain factors.)