NOT DESIGNATED FOR PUBLICATION

No. 114,276

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

QUINDARRYL ADAMS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Crawford District Court; LORI A. BOLTON FLEMING, judge. Opinion filed August 26, 2016. Affirmed.

*Geoffrey Clark*, of Mason & Clark, LLC, of Fort Scott, for appellant.

*Michael Gayoso, Jr.*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., ARNOLD-BURGER, J., and WALKER, S.J.

POWELL, J.: Quindarryl Adams was convicted of sexual battery in the Crawford County District Court. As required by the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 *et seq.*, the district court ordered him to register as an offender for 15 years. Adams appeals his registration requirement, arguing that because those convicted of sexual battery in municipal court are not required to register under KORA, the registration requirement is unconstitutional under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. We disagree and affirm.

1

## FACTUAL AND PROCEDURAL BACKGROUND

The State charged Adams with attempted rape stemming from an incident that occurred in January 2013 in the city of Pittsburg, Kansas. Pursuant to a plea agreement, Adams entered an *Alford* plea of guilty to a reduced charge of sexual battery, a class A misdemeanor. Because a sexual battery conviction carries with it a duty to register, before sentencing Adams filed a motion and memorandum in support asking the court to allow him not to register or, in the alternative, to find that portion of KORA applicable to sexual battery unconstitutional.

At the sentencing hearing on January 5, 2015, the district court sentenced Adams to 12 months' probation with an underlying sentence of 12 months in the county jail. The district court held that K.S.A. 2015 Supp. 22-4902(b)(5) mandated offender registration and served Adams with a Notice of Duty to Register as an offender.

Adams timely appeals the district court's registration order.

## DID THE DISTRICT COURT ERR IN ORDERING ADAMS TO REGISTER UNDER THE KANSAS OFFENDER REGISTRATION ACT?

Adams argues the district court erred when it ordered him to register as an offender under KORA. Specifically, Adams contends the registration requirement for individuals convicted of sexual battery under K.S.A. 2015 Supp. 21-5505 as contained in K.S.A. 2015 Supp. 22-4902(b)(5) violates the Fourteenth Amendment's Equal Protection Clause because the statute treats those convicted of sexual battery in state court differently than those convicted of sexual battery in municipal court. This issue appears to be one of first impression before this court.

The Fourteenth Amendment's Equal Protection Clause provides that "[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws." Whether KORA is unconstitutional for allegedly denying Adams and others similarly situated their right to equal protection of the laws is a question of law, and

> "[d]etermining a statute's constitutionality is a question of law subject to unlimited review. We presume statutes are constitutional and must resolve all doubts in favor of a statute's validity. Further, we must interpret a statute in a manner that renders it constitutional if there is any reasonable construction that will maintain the legislature's apparent interest. [Citation omitted.]" *State v. Soto*, 299 Kan. 102, 121, 322 P.3d 334 (2014).

"A party challenging the constitutionality of a statute bears a '"weighty"' burden." *State v. Cheeks*, 298 Kan. 1, 4, 310 P.3d 346 (2013).

There is a three-step process employed to evaluate an equal protection claim. As it pertains to our case, we first examine whether KORA creates a classification that results in the different treatment of similarly situated individuals. Second, if KORA does treat arguably indistinguishable individuals differently, then we must look at the nature of the classification in order to determine what level of scrutiny to apply. Third, we then apply that level of scrutiny. *Cheeks*, 298 Kan. at 4-5.

Adams claims that persons convicted of sexual battery under K.S.A. 2015 Supp. 21-5505 have a duty to register under KORA while those convicted of sexual battery under a municipal ordinance do not, creating an equal protection problem. Resolving this question requires us to interpret KORA, and interpretation of a statute is a question of law over which our review is unlimited. *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12 (2014).

The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *State v. Williams*, 298 Kan. 1075,

3

1079, 319 P.3d 528 (2014). We must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meaning. *State v. Phillips*, 299 Kan. 479, 495, 325 P.3d 1095 (2014).

KORA includes in its definition of "offender" any person who is "a sex offender." K.S.A. 2015 Supp. 22-4902(a)(1). "Sex offender" is defined, in relevant part, as any person who:

> "(b)(1) On or after April 14, 1994, is convicted of any sexually violent crime;
>
> . . . .
>
> (5) is convicted of sexual battery, as defined in K.S.A. 21-3517, prior to its repeal, or subsection (a) of K.S.A. 2015 Supp. 21-5505, and amendments thereto;
>
> . . . .
>
> (7) has been convicted of an offense that is comparable to any crime defined in this subsection, or any out of state conviction for an offense that under the laws of this state would be an offense defined in this subsection." K.S.A. 2015 Supp. 22-4902(b).

KORA also provides that it is a violation for any offender as defined in K.S.A. 2015 Supp. 22-4902 to fail to comply with any and all provisions of the act. K.S.A. 2015 Supp. 22-4903(a).

Our review of these relevant sections, particularly the inclusion in the definition of "sex offender" of "any person who . . . has been convicted of an offense that is comparable to any crime defined in this subsection"—which would include a crime comparable to sexual battery as defined in K.S.A. 2015 Supp. 21-5505(a)—makes us question Adams' underlying premise. However, we need not explore the question further because the case can be decided on narrower grounds, and we expressly refrain from deciding whether those convicted under a municipal ordinance comparable to the crime of sexual battery as defined in K.S.A. 2015 Supp. 21-5505(a) have a duty to register under KORA. Even if persons convicted of sexual battery are treated differently under a

4

municipal ordinance as opposed to a state statute, Adams still cannot establish an equal protection violation.

Assuming Adams' premise that he is similarly situated to others convicted of sexual battery pursuant to a comparable municipal ordinance, our next task is to apply the appropriate level of scrutiny.

> "[W]hen analyzing an equal protection claim, the United States and Kansas Supreme Courts employ three levels of scrutiny: strict scrutiny, intermediate scrutiny, and the rational basis test. *Chiles* [*v. State*], 254 Kan. [888,] 891-92[, 869 P.2d 707, *cert. denied* 513 U.S. 850 (1994)]. The level of scrutiny applied by the court depends on the nature of the legislative classification and the rights affected by that classification. *Romer v. Evans*, 517 U.S. 620, 632, 116 S. Ct. 1620, 134 L. Ed. 2d 855 (1996). The general rule is that a law will be subject to the rational basis test unless the legislative classification targets a suspect class or burdens a fundamental right. 517 U.S. at 631." *State v. Limon*, 280 Kan. 275, 283-84, 122 P.3d 22 (2005).

Adams argues that being placed on a sexual offender registry and being required to register for 15 years burdens his fundamental right to privacy, meaning strict scrutiny should be applied to KORA's registration requirement for those convicted of sexual battery. However, the requirement that a sex offender register has been held "too substantially different [from other government actions in prior caselaw] to fall within the penumbra of constitutional privacy protection." *Paul P. v. Verniero*, 170 F.3d 396, 405 (3d Cir. 1999); see *Cutshall v. Sundquist*, 193 F.3d 466, 481 (6th Cir. 1999) (holding registration does not violate one's right to privacy); *Atchison, T. & S.F. Rly. Co. v. Lopez*, 216 Kan. 108, 125, 531 P.2d 455 (1975) (holding an individual does not have a protected privacy interest in his or her arrest and conviction record); *State v. Stevens*, 26 Kan. App. 2d 606, 613, 992 P.2d 1244 (1999) (holding the dissemination of registration information on the internet does not violate one's right to privacy), *rev. denied* 268 Kan. 895 (2000).

5

Adams even concedes that Kansas courts in the past have applied a rational basis test to KORA challenges.

Under the rational basis standard, "a law is constitutional, despite some unequal classification of citizens, if the 'classification bears some reasonable relationship to a valid legislative objective.'" *Injured Workers of Kansas v. Franklin*, 262 Kan. 840, 847, 942 P.2d 591 (1997) (quoting *Farley v. Engelken*, 241 Kan. 663, Syl. ¶ 3, 740 P.2d 1058 [1987]). Our Supreme Court has explained the rational basis test, also referred to as the "reasonable basis" test, as follows:

> "The 'reasonable basis' test is violated only if the statutory classification rests on grounds wholly irrelevant to the achievement of the State's legitimate objective. The state legislature is presumed to have acted within its constitutional power, even if the statute results in some inequality. Under the reasonable basis test, a statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it. [Citations omitted.]" *Leiker v. Gafford*, 245 Kan. 325, 363-64, 778 P.2d 823 (1989).

When reviewing these possible bases, "we do not focus on the legislature's actual rationale for the classification. Rather, we consider whether the legislature could have had a legitimate reason for drawing the challenged classification." *Cheeks*, 298 Kan. at 8. The legitimate reason and means chosen to accomplish the goal must "bear a rational relationship to those goals." *Mudd v. Neosho Memorial Regional Med. Center*, 275 Kan. 187, 198, 62 P.3d 236 (2003). Thus, to pass the rational basis test, "the proffered rational basis must both explain the distinction drawn by the statute between two classes of individuals *and* be a legitimate legislative objective." *Cheeks*, 298 Kan. at 8; see *Mudd*, 275 Kan. at 198. Adams is burdened with negating "'"every conceivable [rational] basis which might support"'" the differing treatment. *Downtown Bar and Grill v. State*, 294 Kan. 188, 195, 273 P.3d 709 (2012).

6

On appeal the State asserts two rational bases for the difference in classification. First, the State argues it has a legitimate interest in assuring the reliability of proceedings and processing for offenders and it accomplishes this goal by limiting registration to only those convicted in district court because district courts are courts of record, whereas municipal courts are not. Second, the State asserts it does not want to burden sheriff's departments with additional registrations under KORA so those convicted of a comparable municipal ordinance to sexual battery do not have to register.

We note a third possible basis for the distinction, a distinction that exists in this case. A state conviction may be the result of a plea bargain from a considerably more serious felony offense. The legislature could rationally view defendants in such cases to pose sufficient risks to the community to require registration. Conversely, a municipal court conviction cannot be the result of a reduced felony charge, since those courts do not have jurisdiction to hear felonies. That is a rational concern, especially given the predicate public policy behind KORA and the need to register sex offenders. A charge could be reduced for all kinds of reasons not directly related to the defendant's culpability.

Adams does nothing before the district court or on appeal to refute these bases. He simply argues that there is no difference between people convicted of sexual battery pursuant to state statute and those convicted under a comparable municipal ordinance. Unfortunately, other than Adams' bald assertion, there is nothing in the record to support this statement. Because Adams fails to meet his burden in negating the conceivable rational bases set forth by the State, the registration requirement under K.S.A. 2015 Supp. 22-4902 (b)(5) is constitutional under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

Affirmed.