No. 102,848

STATE OF KANSAS, *Appellant*, v. JAMIE A. FREDRICK, *Appellee*.

(251 P.3d 48)

Opinion filed April 29, 2011.

*Ruth A. Ritthaler*, assistant county attorney, argued the cause, and *Steve Six*, attorney general, was with her on the brief for appellant.

*Janine Cox*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

JOHNSON, J.: The State appeals the district court's dismissal of the criminal complaint against Jamie A. Fredrick, which charged him with failure to register as required by the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 *et seq.* The district court determined that the State had failed to establish that Fredrick was required to register in Kansas, because K.S.A. 22-4906(i) did not apply to the defendant. The case was transferred to this court pursuant to K.S.A. 20-3018(c), and this court has jurisdiction pursuant to K.S.A. 22-3602(b)(1).

## FACTUAL OVERVIEW

On May 12, 1994, Fredrick was adjudicated a delinquent in the state of Minnesota, based principally upon his commission of acts designated in that state as criminal sexual conduct. The allegation was that when he was age 15, he touched the vagina of a 5-year-old child. Pursuant to Minnesota law, Fredrick was required to register in that state as a "predatory offender" for a period of time, ending on June 19, 2018.

At some point in time, Fredrick moved to the state of Kansas, albeit the record is unclear as to when the move occurred. What we do know is that on December 29, 2008, when Fredrick was 30 years old, the Montgomery County Attorney charged Fredrick with a severity level 5 person felony upon a complaint that read as follows:

"That on or about the 7th day of November, 2008, in Montgomery County, Kansas, Jamie Alan Fredrick, a person subject to the requirements of the Kansas Offender Registration Act, K.S.A. 22-4901 *et seq.*, then and there being did unlawfully and feloniously, as a person who is required to register, failed [*sic*] to report in person three times each year to the Montgomery sheriff's office, the county in which the person resides or is otherwise located, and failed to verify: (1) Whether the person still resides at the address last reported; (2) whether the person still attends the school or educational institution last reported; (3) whether the person is still employed at the place of employment last reported; and/or (4) whether the person's vehicle registration information is the same as last reported, in violation of K.S.A. 22-4904(c). Failure to register as required by the Offender Registration Act."

Subsequently, Fredrick filed a motion to dismiss the complaint, and the State responded. Following a hearing, the district court granted the motion and dismissed the complaint. In its memorandum opinion, filed May 15, 2009, the district court reviewed the provisions of our registration act, KORA, and determined that Fredrick was not required to register in this State.

## REGISTRATION REQUIREMENT IN KANSAS

The State contends that because Fredrick fell within the KORA definition of "offender," the district court erred in finding that Fredrick was not required to register in Kansas. Fredrick counters that the specific provision applicable to the facts of this case is found in K.S.A. 22-4906(i) and that provision only applies to persons who have been convicted of crimes, not to persons who have been adjudicated a juvenile offender.

### A.  *Standard of Review*

The parties agree that our review is unlimited. There appears to be two bases for applying that standard. First, in order to resolve the State's claim, we must interpret the provisions of KORA. Interpretation of a statute is a question of law over which this court has unlimited review. *State v. Arnett*, 290 Kan. 41, 47, 223 P.3d 780 (2010).

Next, we are presented with a State appeal of a complaint dismissal. "When the State appeals the dismissal of a complaint, an appellate court's review of an order discharging the defendant for lack of probable cause is de novo." *State v. Anderson*, 270 Kan. 68, 71, 12 P.3d 883 (2000) (citing *State v. Stephens*, 263 Kan. 658, 661, 953 P.2d 1373 [1998]). It is the role of an appellate court to "view the evidence as would a detached magistrate at a preliminary hearing. The issue is sufficiency of the evidence." *Anderson*, 270 Kan. at 71.

"To determine whether there is sufficient evidence to cause a person of ordinary prudence and caution to entertain a reasonable belief of the accused's guilt, the court must draw inferences favorable to the prosecution. Moreover, the evidence needs only to establish probable cause, not guilt beyond a reasonable doubt. The court's role is not to determine the wisdom of the decision to file charges or to

determine whether the possibility of a conviction is likely or remote." *Anderson*, 270 Kan. at 71 (citing *State v. Powell*, 266 Kan. 282, 283, 971 P.2d 340 [1998]).

## B. *Analysis*

The State points to K.S.A. 22-4902, which defines the term "offender" for the purpose of establishing who is subject to the KORA registration requirements. Under K.S.A. 22-4902(a)(1), the definition includes a "sex offender," which is subsequently defined as a person who "is adjudicated as a juvenile offender for an act which if committed by an adult would constitute the commission of a sexually violent crime set forth in subsection (c)." K.S.A. 22-4902(b). Subsection (c) includes aggravated indecent liberties with a child as a sexually violent crime or a conviction in another state for an offense that would be a sexually violent crime in this state. K.S.A. 22-4902(c)(3); K.S.A. 22-4902(c)(12).

The State originally relied in part on its assertion that Fredrick's Minnesota adjudication was for an offense akin to our crime of aggravated indecent liberties with a child, so that Fredrick is a sex offender required to register under KORA. Fredrick challenges whether his Minnesota crime is comparable to aggravated indecent liberties with a child because the Minnesota offense does not include the specific intent requirements of the Kansas crime.

At oral argument, the State clarified that it was principally relying on K.S.A. 22-4902(a)(6), which includes within the definition of offender "any person who has been required to register under any federal, military or other state's law or is otherwise required to be registered." Fredrick does not contest that he is required to register in Minnesota under that other state's law. Clearly, then, the State is correct that Fredrick would be classified as an offender who is subject to the provisions of the KORA.

Where the State falters is in its failure to establish the length of time an "offender" in Fredrick's circumstance would be required to register under KORA, *i.e.*, whether at age 30, Fredrick was still required to register in Kansas. The State conceded at oral argument that not all "offenders" are subject to lifetime registration. Rather, K.S.A. 22-4906 specifically addresses the length of time a particular "offender" must register under KORA. Accordingly, in

a prosecution for failing to register pursuant to KORA, the State must prove both that the defendant fits within the definition of an "offender" under K.S.A. 22-4902, and that the failure to register occurred within the time period in which the defendant was required to register under K.S.A. 22-4906.

K.S.A. 22-4906(h) specifies the registration requirements for juvenile offenders. The longest period of registration is contained in K.S.A. 22-4906(h)(1), which provides:

"(h)(1) Notwithstanding any other provisions of this section, a person who is adjudicated as a juvenile offender for an act which if committed by an adult would constitute the commission of a sexually violent crime set forth in subsection (c) of K.S.A. 22-4902, and amendments thereto, and such crime is an off-grid felony or a felony ranked in severity level 1 of the nondrug grid as provided in K.S.A. 21-4704, and amendments thereto, shall be required to register until such person reaches 18 years of age, at the expiration of five years from the date of adjudication or, if confined, from release from confinement, whichever date occurs later. The five-year period shall not apply to any person while that person is incarcerated in any jail, juvenile facility or correctional facility. The five-year registration requirement does not include any time period when any person who is required to register under this act knowingly or willfully fails to comply with the registration requirement."

The district court determined that the registration period provided for juvenile offenders in this state had expired. On appeal, the State does not contend that in 2008, 14 years after his adjudication, Fredrick, at age 30, was still subject to KORA registration under the provisions applicable to juvenile offenders.

Instead, the State relies on a public policy argument, urging us to read the entire statute with a view to effecting the legislative purpose of KORA, which is "to protect the public from sex offenders as a class of criminals who are likely to reoffend." *State v. McElroy*, 281 Kan. 256, 263, 130 P.3d 100 (2006) (citing *State v. Wilkinson*, 269 Kan. 603, 609, 9 P.3d 1 [2000]; *State v. Stevens*, 26 Kan. App. 2d 606, 609, 992 P.2d 1244 [1999], *rev. denied* 268 Kan. 895 [2000]). The State would have us intuit that the overarching tenor of the KORA reflects an intention that those persons with a juvenile adjudication in another state who move to Kansas must be required to register in Kansas for the same length of time that was required by the adjudicating state.

There are a number of reasons for declining the State's invitation to create such legislation on our own, not the least of which is that the legislature specifically recognized the circumstance of another state's registrant moving to this state. K.S.A. 22-4906(i) provides:

"(i) Any person moving to the state of Kansas who has been *convicted* in another state, and who was required to register under that state's laws, shall register for the same length of time required by that state or Kansas, whichever length of time is longer. The provisions of this subsection shall apply to *convictions* prior to June 1, 2006, and to persons who moved to Kansas prior to June 1, 2006." (Emphasis added.)

This court has consistently held that the legislature knows the difference between an adult conviction and a juvenile adjudication, and that when legislation refers only to convictions, it does not include adjudications. See, *e.g.*, *State v. Boyer*, 289 Kan. 108, 116, 209 P.3d 705 (2009) (under K.S.A. 21-4704[j], juvenile adjudications are not convictions for purposes of determining persistent sex offender status). As the district court pointed out, the legislature demonstrated its awareness of the distinction between convictions and adjudications in the context of KORA in 1997. That year, it amended K.S.A. 22-4902(b) to add language specifying that the term "sex offender," in addition to applying to a person with a conviction for a sexually violent crime, also included a person with an adjudication as a juvenile offender for an act which if committed by an adult would constitute the commission of a sexually violent crime. L. 1997, ch. 181, sec. 8. However, the legislature chose not to also amend K.S.A. 22-4906(i) to specify a period of KORA registration for a person moving to this state with a juvenile adjudication requiring registration in another state.

In essence, the State is asking this court to judicially create the amendment to K.S.A. 22-4906(i) that the legislature did not make itself, based upon the State's belief that such an amended provision would fit the overall legislative purpose of the KORA. This court has repeatedly said that our role is to determine the legislature's intent through the statutory language employed and that we only resort to other canons of construction if the language is unclear. See, *e.g.*, *Arnett*, 290 Kan. at 47; *State v. Raschke*, 289 Kan. 911, 914, 219 P.3d 481 (2009); *State v. Trautloff*, 289 Kan. 793, 796,

217 P.3d 15 (2009); *Graham v. Dokter Trucking Group*, 284 Kan. 547, 554, 161 P.3d 695 (2007). We do not speculate as to the legislative intent behind a plain and unambiguous statute simply to allow us to use that speculative intent to justify reading something into the statute that is not readily found in it. See *Trautloff*, 289 Kan. at 796. This case illustrates the reason for such judicial constraint. Given that the legislature, in K.S.A. 22-4906(h), carved out a specific statute governing the time period of registration for persons with juvenile adjudications, one could just as easily speculate that the legislature consciously and intentionally made K.S.A. 22-4906(i) applicable only to adult convictions.

Moreover, the State's goal in asking us to add nonexistent language to the KORA is to permit it to prosecute Fredrick for a felony. Accordingly, the State's proffered statutory interpretation would run counter to the rule of lenity, which directs that "[c]riminal statutes must be strictly construed in favor of the accused," and that "[a]ny reasonable doubt regarding the meaning of the statute is resolved in favor of the accused." *State v. Snow*, 282 Kan. 323, 340-41, 144 P.3d 729 (2006) (citing *State v. McCurry*, 279 Kan. 118, 121, 105 P.3d 1247 [2005]).

In conclusion, at the time the district court heard Fredrick's motion to dismiss, the State was unable to show that Fredrick was required to register pursuant to the provisions of the KORA. Therefore, the State failed to establish that there was probable cause to believe that Fredrick had committed the crime of failure to register under the KORA. Without the requisite supporting probable cause, the district court properly dismissed the complaint.

Affirmed.