NOT DESIGNATED FOR PUBLICATION

No. 112,926

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

JOSHUA I. MUNS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed September 18, 2015. Reversed and remanded with directions.

*Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellant.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellee.

Before MCANANY, P.J., GARDNER, J., and WALKER, S.J.

*Per Curiam*:  The State appeals from the district court's order granting a motion to dismiss the charge against Joshua I. Muns of aggravated battery. The State contends the district court dismissed the charge based on the erroneous conclusion that the victim's broken rib resulting from Muns' battery could not amount to great bodily harm.

Viewing the evidence in the light favoring the State, on the evening in question the victim got into an argument with Muns, her fiancé. Muns pushed the victim into the house. He then pushed her three times against a dresser, causing the middle of her back to strike the dresser. The next morning the victim had trouble breathing and "was in a lot of pain," so she called her mother who took her to the hospital where she was diagnosed

1

with a fractured rib. The victim characterized her pain on a 1-to-10 scale as "at least a ten. I was crying. It hurt and every time I took a breath in it hurt, like, ten times worse." The pain lasted about 2 months. She testified, "I still have problems if I lift something heavy, like, I'll have a sharp pain but that's about it."

After the testimony at the preliminary hearing, Muns argued that the injury did not warrant a charge of aggravated battery. The State contended that the extent of the victim's injury was a fact question for the jury. The district court judge rejected Muns' argument and bound him over for trial on the charge of reckless aggravated battery, which requires proof under K.S.A. 2014 Supp. 21-5413(b)(2)(A) that the defendant acted "recklessly causing great bodily harm to another person or disfigurement of another person." In doing so, the judge observed:

> "The issue of whether or not a particular injury is sufficient to constitute a great bodily injury is generally left to the jury to decide. At this level I need to decide whether or not there's enough injury that at least satisfies the minimum threshold. As [the victim] testified, that she had pain from breathing or lifting things and was diagnosed with a broken rib, then we know that there was a broken rib. Reasonably confident there was a broken rib. . . . [T]hat's something that the jury has to decide."

The case was assigned to a different district court judge following the preliminary hearing. Two months after the preliminary hearing Muns moved to dismiss the charge, raising the same argument that the State failed to provide sufficient evidence at the preliminary hearing that he caused great bodily harm.

At the hearing on the motion, Muns' counsel referred to the victim's medical records and argued: "I note from the medical records that we have here is severity indicates is maximum severity is moderate and current symptoms are moderate. As far as treatment basically what I am gathering is it just has to heal on its own. It takes time and

2

you take pain medication." The State reiterated its argument that the issue was a fact issue for the jury to resolve. The court granted Muns' motion to dismiss, stating:

> "Well, it's a close question and you both have made good arguments and illustrated why it's a close question, but I believe the motion is valid. I reviewed the preliminary hearing testimony. The victim testified that she was pushed. She was pushed into a dresser, which no one knows, but you can surmise or I can surmise that that is probably what resulted in the fractured rib. She did not go to the hospital immediately. She went the next day. She did have a fractured rib and bruising and was in pain for a period of time but I believe great bodily harm requires more than that."

The State appeals.

The State argues that the district court erred in granting Muns' motion to dismiss because a reasonably prudent and cautious person could entertain a belief that Muns was guilty of aggravated battery.

To bind a defendant over at a preliminary hearing, the district court must find that the evidence is sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the defendant's guilt. *State v. Berg*, 270 Kan. 237, 238, 13 P.3d 914 (2000). In making this determination, the district court must draw inferences favorable to the State from the evidence presented and should not be concerned with the weight of the evidence. *State v. Bockert*, 257 Kan. 488, 492, 893 P.2d 832 (1995). Even if the evidence is weak, the court should bind the defendant over for trial if the evidence tends to disclose that the offense was committed and the defendant committed it. *Berg*, 270 Kan. at 238.

Here, Muns' motion to dismiss was the only way to effectively challenge the district court's decision at the preliminary hearing. See *State v. Washington*, 293 Kan. 732, 734, 268 P.3d 475 (2012). On appeal we review de novo the district court's probable

cause finding at the preliminary hearing to determine if the district court correctly ruled on the motion to dismiss. *State v. Fredrick*, 292 Kan. 169, 171, 251 P.3d 48 (2011).

To bind Muns over for trial on the State's charge, the State needed to present evidence that the victim sustained great bodily harm. K.S.A. 2014 Supp. 21-5413(b)(2)(A). There is not precise definition of great bodily harm in the statutes. The word "great" distinguishes the bodily harm required in a simple battery from the harm required for an aggravated battery. Great bodily harm is more than "slight, trivial, minor, or moderate harm, and as such it does not include mere bruises." *State v. Johnson*, 46 Kan. App. 2d 870, 881, 265 P.3d 585 (2011). Whether an injury constitutes great bodily harm is a question of fact for the jury to decide. *State v. Green*, 280 Kan. 758, 765, 127 P.3d 241, *cert. denied* 549 U.S. 913 (2006); *State v. Morton*, 38 Kan. App. 2d 967, 971-72, 174 P.3d 904, *rev. denied* 286 Kan. 1184 (2008).

Muns relies on our holding in *State v. Kossow*, No. 104,735, 2011 WL 5027110 (Kan. App. 2011) (unpublished opinion). In *Kossow*, the teacher put a student in a Full Nelson wrestling hold in order to subdue him during a confrontation. The student suffered a sore neck with some bruising, "about a hundred" red dots on his face, and blood spots in the corner of his right eye, which subsequently disappeared. A panel of this court found that the injuries did not constitute great bodily harm. 2011 WL 5027110, at * 6-7. But the victim in our present case suffered a more significant injury than any injury found in *Kossow*, which falls into the category of mere bruises and soreness.

Here, the preliminary hearing evidence supports the contention that Muns caused a broken rib. As observed by the court in *People v. Nava*, 207 Cal. App. 3d 1490, 1496, 255 Cal. Rptr. 93 (1989), *rev. denied* May 4, 1989, "bone fractures exist on a continuum of severity from significant and substantial to minor." Thus, the determination of whether the victim suffered great bodily harm should be left to the jury. Here, the limited relief medical science can offer a patient with a broken rib, beyond pain medication and the

4

advice to take it easy, does not compel a finding that the injury falls short of the standard for aggravated battery. Could the evidence presented at Muns' preliminary hearing have caused a person of ordinary prudence and caution to conscientiously entertain a reasonable belief that the injury caused by Muns was more than "slight, trivial, minor, or moderate harm" and not mere bruising? We think so.

In our de novo review of the evidence in the light favoring the State, we conclude that the district court erred in dismissing the aggravated battery charge. Whether the victim's injuries constituted great bodily harm should be left to a jury.

Reversed and remanded with directions to reinstate the charge.