NOT DESIGNATED FOR PUBLICATION

No. 115,974

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

KARL MICHAEL SCHMIDT,
*Appellee*.


MEMORANDUM OPINION


Appeal from Shawnee District Court; CHERYL RIOS, judge. Opinion filed September 1, 2017. Affirmed.


*Jodi Litfin*, deputy district attorney, *Michael F. Kagay*, district attorney, *Chadwick J. Taylor*, former district attorney, and *Derek Schmidt*, attorney general, for appellant.


*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellee.


Before ARNOLD-BURGER, C.J., STANDRIDGE and SCHROEDER, JJ.


PER CURIAM: The State appeals the dismissal of charges against Karl Michael Schmidt for failing to register as a sex offender. The State claims Schmidt's Iowa juvenile adjudications for sex abuse in the second degree require registration under the Kansas Offender Registration Act (KORA), K.S.A. 2016 Supp. 22-4901 et seq. Upon review, we find the State failed to establish that Schmidt's juvenile adjudications in Iowa for sex abuse in the second degree are comparable to Kansas' offense of aggravated criminal sodomy. We affirm.

1

A grand jury indicted Schmidt on a true bill for two violations of KORA. Schmidt's criminal history reflects multiple Iowa juvenile convictions for sexual abuse in the second degree after July 1, 2002. Schmidt moved to dismiss the indictment alleging he was not required to register under KORA because the Iowa court specifically found he was not required to register as a sex offender. The State failed to file a written response to Schmidt's motion to dismiss.

At the hearing before the district court, Schmidt again claimed he was not required to register in Kansas because the Iowa court specifically found he was not required to register as a sex offender. He argued Iowa's statute waiving offender registration was similar to Kansas' statute, K.S.A. 2016 Supp. 22-4906(g)(2), which allows the district court to waive registration if it found substantial and compelling reasons to forgo registration. The State argued Schmidt was required to register because Iowa's sexual abuse in the second degree statute was comparable to Kansas' aggravated criminal sodomy statute. It argued K.S.A. 2016 Supp. 22-4906(h) and (k) controlled, and Schmidt was subject to lifetime registration in Kansas. Schmidt argued the sex abuse and criminal sodomy statutes were not comparable. The district court granted Schmidt's motion to dismiss on two grounds. First, the district judge found that the statutes were not comparable so there was no requirement for Schmidt to register. Second, the district judge made an alternative finding that the Iowa juvenile court judge "made the required statutory findings prior to waiving Mr. Schmidt's requirement to register," using the Iowa statute similar to K.S.A. 2016 Supp. 22-4906(g)(2), and that Kansas should not "revisit the facts, call into question, or disturb the decision of the Juvenile Court of Pottawattamie County, Iowa, which originally ordered that Schmidt shall not be required to register as a sex offender."

The State appeals the dismissal of the charges against Schmidt.

ANALYSIS

*The district court did not err when it dismissed the State's indictment.*

This court's review of this matter is unlimited for two reasons. First, resolution of the State's claim requires statutory interpretation which is a question of law subject to unlimited review. *State v. Fredrick*, 292 Kan. 169, 171, 251 P.3d 48 (2011). Second, appellate courts review de novo an order discharging a defendant for lack of probable cause. 292 Kan. at 171.

The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *State v. Jordan,* 303 Kan. 1017, 1019, 370 P.3d 417 (2016). An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. *State v. Barlow*, 303 Kan. 804, 813, 368 P.3d 331 (2016). When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. 303 Kan. at 813.

> "When construing statutes to determine legislative intent, appellate courts must consider various provisions of an act in pari materia with a view of reconciling and bringing the provisions into workable harmony if possible. Appellate courts also construe statutes in such a way as to avoid unreasonable results. Appellate courts presume that the legislature did not intend to enact meaningless or redundant legislation." *State v. Keel*, 302 Kan. 560, Syl. ¶ 7, 357 P.3d 251 (2015).

There is no dispute that in October 2007, Schmidt was 16 years old and adjudicated a delinquent for committing four counts of sexual abuse in the second degree in violation of Iowa Code § 709.1(3) (2007) and § 709.3(2) (2007). In its appellate brief, the State appears to challenge whether the Iowa court actually waived the registration

3

requirement in Iowa, citing to the fact that no documentation was attached to Schmidt's motion to dismiss in district court clearly establishing this fact. Our review of the record below reflects the State did acknowledge to the district court Iowa's registration requirement was set aside. The district court judge was certainly satisfied at the conclusion of the hearing on Schmidt's motion to dismiss that there was a waiver by the Iowa judge. So, assuming the Iowa court made such an order as Schmidt has contended from the beginning—and the State acknowledged at the hearing—neither party briefs whether the district court was correct in its alternative finding that the Iowa court's order satisfied the requirements of K.S.A. 2016 Supp. 22-4906(g)(2) (allowing a court to waive the registration requirements of a juvenile offender upon a finding of substantial and compelling reasons). An issue not briefed by the appellant is deemed waived or abandoned. *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016). A point raised incidentally in a brief and not argued therein is also deemed abandoned. *State v. Sprague,* 303 Kan. 418, 425, 362 P.3d 828 (2015). And finally, when a district court provides alternative bases to support its ultimate ruling on an issue and an appellant fails to challenge the validity of each alternative basis on appeal, an appellate court may decline to address the appellant's challenge to the district court's ruling. See *State v. Novotny*, 297 Kan. 1174, 1179-80, 307 P.3d 1278 (2013). Accordingly, failure of the State to address the district court's alternative basis to dismiss the charges would be enough by itself for this court to affirm the decision of the district court. However, we will briefly discuss the merits of the secondary basis for the district judge's decision, the comparability of offenses.

In order to be required to register as an offender in Kansas, the State must prove that Schmidt meets the definition of an offender. *Fredrick*, 292 Kan. at 172-73. An offender is a "sex offender" or "any person who has been required to register under out-of-state law or is otherwise required to be registered." K.S.A. 2016 Supp. 22-4902(a)(1) and (4). The State contends that Schmidt meets the definition of an offender under both of these provisions.

4

First, the State argues K.S.A. 2016 Supp. 22-4902(a)(4) applies because "[i]t appears to be undisputed that Schmidt had been required to register under Iowa State law." We disagree, and find the argument unpersuasive for two reasons. First, the State failed to provide a record designating error—the State failed to provide a journal entry showing Schmidt was required to register in Iowa. The party claiming an error occurred has the burden of designating a record that affirmatively shows prejudicial error. Without such a record, an appellate court presumes the action of the trial court was proper. *State v. Sisson*, 302 Kan. 123, 128, 351 P.3d 1235 (2015).

Second, Schmidt disputes he was required to register under Iowa law. The motion to dismiss clearly indicated Schmidt was never required to register in Iowa. In addition, at the hearing, Schmidt argued the Iowa court specifically waived his registration requirement in accordance with the Iowa statute. In addition to his motion to dismiss, Schmidt also asserts in his brief he had not been required to register. Despite the State's claims to the contrary, Schmidt denied he was required to register under Iowa law on multiple occasions. Based on the record before us, we cannot conclude K.S.A. 2016 Supp. 22-4902(a)(4) applies.

The State also argues Schmidt was required to register under KORA because he meets the definition of a sex offender. K.S.A. 2016 Supp. 22-4902(b)(2) defines sex offender, in relevant part, as any person who:

"[O]n or after July 1, 2002, is adjudicated as a juvenile offender for an act which if committed by an adult would constitute the commission of a sexually violent crime, unless the court, on the record, finds that the act involved non-forcible sexual conduct, the victim was at least 14 years of age and the offender was not more than four years older than the victim."

KORA defines a sexually violent crime as "any conviction or adjudication for an offense that is comparable to a sexually violent crime as defined in this subsection, or any out-of-state conviction or adjudication for an offense that under the laws of this state

5

would be a sexually violent crime as defined in this subsection." K.S.A. 2016 Supp. 22-4902(c)(15).

The question we must answer is whether Iowa's sexual abuse in the second degree statute is comparable to aggravated criminal sodomy as a sexually violent crime defined in K.S.A. 2016 Supp. 22-4902(c). If sexual abuse in the second degree is not comparable, Schmidt does not meet the definition of an offender, and the district court correctly granted his motion to dismiss.

The State argues that Schmidt's Iowa adjudications for sexual abuse in the second degree are comparable to aggravated criminal sodomy, a sexually violent crime found at K.S.A. 2016 Supp. 21-5504. Schmidt responds the two statutes are not comparable.

Kansas courts have not addressed comparability as it pertains to out-of-state convictions for sexually violent crimes and the registration requirements of KORA. See K.S.A. 2016 Supp. 22-4902(c)(15). However, the courts have addressed the comparability of out-of-state convictions as it relates to determining criminal history scores. Last year, a panel of this court summarized the law regarding comparability:

> "[O]ur Supreme Court has repeatedly and explicitly ruled that 'crimes need not have identical elements to be comparable for making the person or nonperson designation.' *State v. Williams*, 299 Kan. 870, 873, 326 P.3d 1070 (2014) (quoting *State v. Vandervort*, 276 Kan. 164, 179, 72 P.3d 925 [2003]). For purposes of identifying a comparable Kansas crime in the context of K.S.A. 2015 Supp. 21-6811(e), the Kansas crime that is '"the closest approximation" of the out-of-state crime [is] a comparable offense.' *Williams*, 299 Kan. at 873. Instead of requiring identical elements, '[t]he essential question is whether the offenses are similar in nature and cover similar conduct. [Citations omitted.]' *State v. Martinez*, 50 Kan. App. 2d 1244, 1249, 338 P.3d 1236 (2014). See also *State v. Barajas*, 43 Kan. App. 2d 639, 643, 230 P.3d 784 (2010)." *State v. Steele*, No. 115,270, 2016 WL 7178789, at *3 (Kan. App. 2016), *petition for rev. filed* January 9, 2017.

6

"[T]he lynchpin is not whether every conceivable set of facts would result in convictions under both statutes but whether they are similar in their nature and in the conduct they attempt to prevent." *State v. Riolo*, 50 Kan. App. 2d 351, 356, 330 P.3d 1120 (2014).

More recently, however, in *State v. Rodriguez*, 305 Kan. 1139, 390 P.3d 903 (2017), the Kansas Supreme Court examined whether the Colorado crime of third-degree assault was comparable to Kansas' aggravated battery statute for purposes of determining Rodriguez' criminal history score. The Kansas Supreme Court found the statutes were not comparable when the Colorado statute allowed a conviction for negligent acts, which would not violate the Kansas statute.

> "Given that our legislature has not criminalized the act of negligently causing bodily harm or injury to another person, even with a deadly weapon, [*State v.*] *LaGrange*[, 21 Kan. App. 2d 477, 901 P.2d 44 (1995),] erred in finding that Colorado's third-degree assault was comparable to Kansas' aggravated battery. Moreover, there is no Kansas crime that is comparable to the portion of Colorado's third-degree assault that proscribes *negligently* causing bodily injury to another person by means of a deadly weapon. Thus, *a comparison of the elements of the Colorado offense of third-degree assault to the elements of the Kansas offenses of battery and aggravated battery do not establish a comparability of the statutes as a whole*. Moreover, the State has not asked us to find the Colorado statute to be divisible, nor did the Court of Appeals explain how to carve out only part of the elements of the out-of-state conviction. *Cf. State v. Dickey*, 301 Kan. 1018, 1037, 350 P.3d 1054 (2015) (adopting *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 [2013]) (under modified categorical approach, sentencing court permitted to look at limited class of documents if predicate crime's statute is divisible). Consequently, given that Kansas does not have a comparable offense, under either the 2011 or the 2015 version of 21-6811(e), the Colorado convictions for third-degree assault should not have been used in Rodriguez' criminal history calculation." (Emphasis added.) *Rodriguez*, 305 Kan. at 1154-55.

7

Here, the State contends Schmidt's Iowa juvenile adjudications for sexual abuse in the second degree are comparable to Kansas' aggravated criminal sodomy: "[C]ausing a child under 14 years of age to engage in sodomy with any person or an animal." K.S.A. 2016 Supp. 21-5504(b)(2). Sodomy is defined as: "[O]ral contact or oral penetration of the female genitalia or oral contact of the male genitalia; anal penetration, however slight, of a male or female by any body part or object; or oral or anal copulation or sexual intercourse between a person and an animal." K.S.A. 2016 Supp. 21-5501(b). In essence, the State argues that since Iowa's definition of sex act includes language similar to the Kansas definition of sodomy, sexual abuse in the second degree must be comparable to aggravated criminal sodomy.

In contrast, Schmidt argues his Iowa adjudications are comparable only if the elements of sexual abuse in the second degree satisfy the elements of a Kansas crime. He contends, for the first time on appeal, that anything less violates *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), and their progeny. He argues the district court did not err because his Iowa adjudications do not satisfy the elements of a Kansas crime.

Iowa Code § 709.3(2) (2007) defines sexual abuse in the second degree as, in relevant part, sexual abuse when "[t]he other person is under the age of twelve." "Sexual abuse" is "[a]ny sex act between persons . . . by either of the persons when the act is performed with the other person . . . [when] [s]uch other person is a child." Iowa Code § 709.1 (2007). In contrast, Iowa defines "sex act" as:

> "[A]ny sexual contact between two or more persons by: penetration of the penis into the vagina or anus; contact between the mouth and genitalia or by contact between the genitalia of one person and the genitalia or anus of another person; contact between the finger or hand of one person and the genitalia or anus of another person, except in the course of examination or treatment by a person licensed pursuant to chapter 148, 148C,

8

150, 150A, 151, or 152; or by use of artificial sexual organs or substitutes therefor in contact with the genitalia or anus." Iowa Code § 702.17 (2007).

Kansas' statute defining aggravated criminal sodomy specifies an act with a child under 14 years of age. K.S.A. 2016 Supp. 21-5504(b)(1). Iowa defines sexual abuse in the second degree as sexual abuse when the other participant is under the age of 12. Iowa Code §709.3(2) (2007). Thus, the age element is comparable since Iowa's victim age requirement is more restrictive than Kansas' victim age requirement.

Iowa's definition of sex act includes contact by the genitals, fingers, or hands with the genitalia or anus of another person. This conduct is not contained in Kansas' definition of sodomy, which is limited to oral contact or penetration. As such, Iowa's definition of sex act is significantly broader than Kansas' definition of sodomy. Thus, Schmidt's Iowa juvenile adjudications could have resulted from conduct exceeding Kansas' definition of aggravated criminal sodomy, the only crime the State argued below was comparable with Iowa's crime of sex abuse in the second degree. Accordingly, we find that Iowa's sexual abuse in the second degree statute is not comparable to Kansas' aggravated criminal sodomy statute. As a result, Schmidt does not meet the definition of sex offender, and the district court did not err when it granted Schmidt's motion to dismiss.

We pause to note that in its brief, the State also contends sexual abuse in the second degree is comparable to the Kansas crime of rape. See K.S.A. 2016 Supp. 21-5503. However, the State did not raise this argument before the district court and did not explain why this court should consider it for the first time on appeal. Since the State did not comply with Supreme Court Rule 6.02(a)(5) (2017 Kan. S. Ct. R. 34), it has abandoned the argument. See *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015). Moreover, a party cannot change its theory on an issue on appeal from that which was presented to the trial court. See, e.g., *State v. Engelhardt,* 280 Kan. 113, 127, 119

P.3d 1148 (2005) (a party may not object at trial to the admission of evidence on one ground and then on appeal argue a different ground); *Burcham v. Unison Bancorp, Inc.,* 276 Kan. 393, ¶ 7, 77 P.3d 130 (2003) (party cannot change its theory or present new issues which were not raised before the trial court).

Affirmed.

\* \* \*

STANDRIDGE, J., concurring:  I concur in the result reached by the majority.